CITY OF AMARILLO, Appellant,

v.

Roy HILL, Appellee.

No. 6389.

Court of Civil Appeals of Texas.

Amarillo.

March 15, 1954.

Rehearing Denied April 19, 1954.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Grady L. Fox, Amarillo, for appellee.

## PER CURIAM.

This is an action by Roy Hill as plaintiff against the City of Amarillo as defendant for damages to plaintiff's pickup. Plaintiff alleges the damage to his pickup was caused by the negligence of defendant, its agents, and employees. Plaintiff alleged four acts of negligence but we will discuss only one of them since the findings of the jury only involved that one.

The occurrence in question happened in the underpass on Buchanan Street in Amarillo. There were some railway tracks over this underpass. Plaintiff alleged defendant, its agents, and employees were negligent in parking its truck in this underpass without putting out flares to warn approaching traffic of the presence of said truck in said underpass at the time and place. Defendant excepted to the plaintiff's petition on the ground that the cause of action therein asserted was previously adjudicated by the 108th District Court of Potter County, Texas, in a certain cause styled A. G. Phelps as plaintiff v. E. Roy Hill as defendant, No. 27156. This exception was overruled by the trial judge. In addition to this exception, the defendant pleaded several acts of negligence on the part of plaintiff. This case was tried to a jury upon special issues but the only issues and findings involved herein are as to the first three issues as follows:

"Special Issue No. 1.

Do you find from a preponderance of the evidence that the defendant through its agents and employees, failed to put out flares or flags to warn approaching traffic of the presence of the said truck in the underpass at the time and place of the collision?

Answer this question, yes or no.

"Special Issue No. 2.

If you have answered question No. 1 in the affirmative, then answer this question.

Was the failure, if any, of the defendant, its agents and employees to put out a flare or flag to warn approaching traffic of the presence of such truck in such underpass at the time and place of the collision, negligence as that term has been heretofore defined?

"Special Issue No. 3.

If you have answered question No. 2 in the affirmative, then answer this question.

Was such negligence, if any, the direct and proximate cause of the injuries, if any, sustained by the plaintiff to his automobile?

Answer this question yes or no."

The jury answered "yes" to each of these issues. Judgment was granted for the plaintiff upon these findings and hence this appeal.

Appellant presents this appeal upon five assignments of error. By appellant's first point of error it complains of the court's failure to submit to the jury for its finding the issue of unavoidable accident. This point was properly raised by the appellant in the trial court and appellant requested the court to submit the issue to the jury but the court denied the same. There is no dispute about appellant's employees having appellant's truck parked in the underpass at the time of the collision in question. The collision happened at approximately 8:00 a. m. on February 23, 1952. It is undisputed that the weather at the time was cloudy, foggy, misty, and the sun was not shining. The truck was parked under the railway tracks that went over the underpass. No set rules can be given as to all cases by

which it can be decided just when the issue of unavoidable accident is presented. The facts of each case must be looked to in determining whether the question of unavoidable accident is presented. Appellant's employees testified lights were on the rear of its truck. Appellee testified he would not say the lights were not on the truck but said that if they were they were muddy and he could not see them. Unavoidable accident occurs only when neither party is guilty of negligence. An underpass is no regular place for parking at any time. We are unable to say that reasonable minds might differ as to appellant's employees being negligent in parking the truck in the underpass in the shadow of the railway tracks that early in the morning when the weather was cloudy, foggy, misty, and the sun was not shining. If appellant's rear lights were plainly visible and appellee could plainly see them and he carelessly drove into the rear of the truck he certainly would be guilty of negligence. Appellant's Point of Error No. 1 is overruled.

■ Appellant in its second assignment of error complains of the failure of the court to grant judgment for appellant because there was insufficient evidence to support any finding of negligence on the part of appellant. Appellant acknowledges that the truck was parked in the underpass with its brakes set. We are of the opinion the testimony that the truck was parked in the shadow of the railway tracks in the underpass, a place where no-one could expect a vehicle to be parked, early in the morning when the sun was not shining on a day the weather was cloudy, foggy, misty, visibility poor, and the street wet was sufficient evidence to support the verdict of the jury. Appellant's assignment of error No. 2 is overruled.

■ By appellant's third assignment of error it is contended the court erred in overruling its motions as follows: For directed verdict, objection to the court's charge, motion for judgment non obstante veredicto, and motion for a new trial, insofar as said motions and objections were based upon the contributory negligence of appellee as a matter of law. The undisputed record shows appellee was driving at approximately 12 to 15 miles per hour and could have stopped his car within 50 feet, that his brakes were good, he kept a lookout for any vehicle that might be in front of him, he had a good, big, open windshield and both windshield wipers were working, and he was right on the truck before he ever saw it. We are of the opinion that this record does not show the appellee guilty of contributory negligence as a matter of law and are of the further opinion there was sufficient evidence to sustain the findings of the jury on all issues answered. Appellant's third assignment of error is overruled.

■ Appellant presents its Points of Error Nos. 4 and 5 together. By these points, it is contended that because the case of A. G. Phelps v. E. Roy Hill, No. 27156, in the 108th District Court was settled and A. G. Phelps granted damages in the sum of $1,150 and the case dismissed, all matters in the suit at bar had been adjudicated. After the suit here in issue had been filed, A. G. Phelps, the driver of appellant's truck at the time of the collision in question, brought suit in the 108th District Court in Cause No. 27156 against this appellee for personal damages he alleged he received because of this collision. Mr. Hill had insurance and the insurance company settled the case with Mr. Phelps. That case was dismissed. There is no evidence in this case that the insurance company had any right to make any agreement binding this appellee. The undisputed record here is that appellee had never been paid for any damage to his pickup and neither is it shown that said appellee had insurance for damages to his pickup. We are familiar with the authorities cited by the appellant as to the rule that settlement by one joint tort-feasor in full satisfaction of the entire cause of action is also as to others as well. But, in this case the appellee had not released anyone and testified he knew nothing about the settlement being made in the district court case by the insurance company. If Mr. Phelps and the City of Amarillo were joint tort-feasors and appellee had released either of them that would have released both; but the release by Mr.

Phelps, as was executed in this case, this could not bind Mr. Hill to something he knew nothing about. Unless it be shown that Mr. Hill or someone authorized to act for him executed a release it is no way binding upon him. Appellant's fourth and fifth assignments of error are overruled.

Case affirmed.