Joseph THOMPSON and Edward Thompson, Appellants,

v.

Anna Elaine GIBBONS and Charles Ray Gibbons, Appellees.

No. 12970.

Court of Civil Appeals of Texas.

San Antonio.

April 18, 1956.

Rehearing Denied May 16, 1956.

Talbert & Giessel, Jerry M. Hamovit, Houston, for appellants.

Kelly, Hunt & Cullen, Victoria, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Anna Elaine Gibbons and husband, Charles Ray Gibbons, against Joseph Thompson and Edward Thompson, seeking to recover damages for personal injuries and property damage alleged to have resulted from a collision between an automobile in which the Gibbons were riding and one driven by Joseph Thompson and owned by his father, Edward Thompson.

The cause was submitted to a jury upon special issues and, based upon the jury's answer, judgment was rendered in favor of the plaintiffs against the defendants in a total sum of $14,557.58, from which judgment Joseph Thompson and Edward Thompson have prosecuted this appeal.

■ Appellants' first contention is that the court erred in refusing to submit a special issue inquiring whether the collision was the result of an unavoidable accident.

The collision occurred on the night of November 30, 1953, approximately one-quarter of a mile northeast of the city limits of Victoria, Texas, on U. S. Highway 59. Charles Gibbons was driving a 1939 Buick Automobile in which his wife, Anna Elaine Gibbons, was a passenger, when his car was struck on the left rear bumper by a 1953 Buick Station Wagon owned by Edward E. Thompson and operated by his son, Joseph Thompson. The collision occurred about 10 p. m. on a dark night. There was evidence that appellees' auto suddenly cut across the highway in front of defendants' auto when the collision occurred, and there was also evidence to the contrary. The right front bumper of appellants' auto collided with the left rear bumper of appellees' auto. Joseph Thompson, the driver of appellants' auto, testified that he did not see the rear tail light of appellees' auto. Appellees testified that their tail lights were burning.

Under such circumstances the trial court did not err in refusing to submit the question of unavoidable accident. As was said in Hicks v. Brown, 136 Tex. 399, 151 S.W. 2d 790, 792:

"Because of the uncertain state of the authorities upon the question, we have had a full conference with a free discussion of the question, and have decided to hold, in keeping with the holding in the McKinney case [Missouri, K. & T. Ry. Co. of Texas v. McKinney, Tex.Com.App., 136 Tex. 75, 145 S.W.2d 1081], supra, that if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident."

There was no evidence here that something other than the negligence of one of the parties caused the collision. We overrule this point of error.

■■ Appellants' next contend that the court commented upon the weight of the evidence when he submitted to the jury Special Issue No. 11, to-wit:

"Do you find from a preponderance of the evidence that Joseph Thompson failed to pass the automobile of Charles Ray Gibbons and Anna Elaine Gibbons on the left hand side of the road at the time and place of the collision of November 30th, 1953?"

Appellants contend that this issue as framed told the jury that the judge believed

that Joseph Thompson was attempting to pass the auto of appellees at the time of the collision, a matter that was in dispute. The issue was not subject to the criticism made by appellants. But if it was, then there were a number of other issues submitted in answer to which the jury found appellant guilty of other acts of negligence proximately causing the collision, and under such circumstances Issue No. 11 can be entirely disregarded. Certainly, the comment upon the weight of the evidence, if any, was not sufficient to result in injury with reference to other wholly unrelated issues which were also answered unfavorably to appellants and which support the judgment rendered.

Appellants next contend that the court erred in not submitting a special issue inquiring whether the appellee "was driving his vehicle more slowly than reasonable, and whether this failure was a proximate cause of the collision." Appellee was driving his automobile at about thirty miles per hour as he was approaching the city limits of Victoria upon a wide open highway. The evidence did not raise the issue that appellee was negligent in not driving faster, and the trial court properly refused to submit the issue.

Appellants next raise the question of improper argument by appellees' counsel to the jury. It is shown that appellees' counsel made the following arguments to the jury:

"The whole accident was investigated out there. Mr. Giessel is a smart lawyer and he is a good investigator. If there had been any indication he would have gotten a witness up here to show where that man was. * * *

"* * * and for the mental anguish she underwent along with the same proposition. Now, what is that worth? I say at least twice as much as what Mr. Gibbons' would be, I would say ten or 20 thousand dollars. I wouldn't let my wife go through it for that."

Objections were made to both of these arguments and such objections were sustained by the court and the jury told to disregard them.

When the provisions of Rules 434 and 503, Texas Rules of Civil Procedure, are taken into consideration the making of these arguments to the jury does not constitute reversible error. When the entire record is considered, we are unable to say that the making of these arguments was calculated to cause and probably did cause the rendition of an improper judgment in the case. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404, reversing Alvey v. Goforth, Tex.Civ. App., 263 S.W.2d 313; Benefit Ass'n of Ry. Emp. v. Dahn, Tex.Civ.App., 272 S.W.2d 762; Hobbs v. Slayton, Tex.Civ. App., 265 S.W.2d 838; Texas Emp. Ins. Ass'n v. Noel, Tex.Civ.App., 269 S.W.2d 835.

The judgment is affirmed.