**Vada Faye FREEMAN et vir, Appellants,**

v.

**W. E. HARKRIDER, Appellee.**

No. 6830.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 19, 1959.

Howard & Ray, Amarillo, for appellants.

Samuel H. Wilds, Dumas, for appellee.

PITTS, Chief Justice.

█ This is an appeal from a "take nothing" summary judgment entered in a suit filed by appellant, Vada Faye Freeman, joined pro forma by her husband, Charles Freeman, against appellee, W. E. Harkrider, seeking damages in the sum of $50,-000 by reason of alleged injuries received by appellant as a result of a collision of the front end of a Pontiac automobile in which appellant was riding with the rear end of a Buick automobile being operated by appellee, occurring on the drivers' right hand side of a two-lane highway No. 287 about 9 miles south of Dumas, Texas, on a descending, sloping hill at 2:30 a. m. o'clock on or about November 10, 1957, at a time when both automobiles were proceeding north on the state highway. Appellant further pleaded that the Pontiac automobile in which she was riding at the time and place of the collision was being then operated by Marshall B. Bailey at a speed of approximately 50 miles per hour with the head lights of the said automobile turned on the down beam when they drove over the crest of a hill and there saw on the downward slope thereof and about 75 feet in front of them appellee's Buick automobile either stopped in the north bound lane for traffic or was driving at a rate of speed of approximately 5 or 10 miles per hour and that under such circumstances there was not sufficient time for the driver of the Pontiac automobile to avoid a collision by applying his brakes with full force although he did so apply his brakes and made an effort to avoid the collision by attempting to turn and swerve his car to the right or the east side of appellee's Buick. Appellant further alleged that under these existing circumstances she received her injuries and damages by reason of several alleged acts of negligence of appellee.

Appellee filed numerous special exceptions to appellant's pleadings and subject thereto joined issues with her and particularly pleaded that any injuries received by her or damages claimed by her were proximately caused by the negligence of appellant's own driver of the Pontiac and not by appellee. He urged in his first special exception that appellant's pleadings revealed that she was a married woman and that a suit for any recoverable damages sought by reason of her alleged injuries must be brought by her husband since such damages if obtained would be community property; that he further excepted because according to appellant's own pleadings the driver of the Pontiac automobile was guilty of several acts of negligence as a result of law violations and otherwise, followed by other special exceptions to the manner and form of her pleadings. On January 21, 1958, the trial court heard and sustained all of appellee's special exceptions to appellant's pleadings and ordered the cause dismissed unless appellant satisfactorily amended her pleadings within 20 days from the date of the trial court's order.

Thereafter on February 10, 1958, appellant filed a purported amended pleading without showing leave of the court had therefor and filed such only in her own name without showing or attempting to show her marital status or that she was a widow or a feme sole, otherwise her allegations there made were substantially the same as her former pleadings except that she this time alleged that the Pontiac automobile in which she was riding at the time of the collision was traveling at a speed of approximately 20 miles an hour rather than 50 miles as previously pleaded, while the driver of the Pontiac testified that he was driving 55 miles. On the same date of February 10, 1958, appellant filed a separate pleading seeking an order from the trial court authorizing her to prosecute this suit

without the joinder of her husband, Charles Freeman, alleging that she was married to him at the time of the collision· and the alleged cause of action was for community property but that they have since on or about August 28, 1958, been separated at which time her husband abandoned her and she had not seen or heard of him since such date. According to the record before us, appellant did not at any time procure an order from the trial court authorizing her to prosecute this suit without the joinder of her husband, however, the transcript contains a blank purported order without bearing a date or file mark and without having been signed by the trial court or any one else, which blank order if properly executed would have granted such authority sought. ·

Thereafter on February 17, 1958, appellee filed his motion for summary judgment alleging that under the pleadings and depositions on file before the trial court it was revealed that any injuries or damages sustained by appellant were in no way proximately caused by any negligent acts or omissions of appellee but were proximately caused by the negligence of appellant's own driver of the Pontiac automobile and that appellant has not produced and can not produce any competent evidence showing or tending to show any negligence what so ever of appellee at the time and place of the collision in question; that appellant has not met the requirements of the law in her purported amended pleadings or the requirements of the trial court in its order sustaining appellee's special exceptions and dismissing the action unless she timely filed satisfactory pleadings within 20 days because she has neither brought the suit by amended pleadings in her husband's name nor obtained an order as sought to authorize her to prosecute the suit for community funds without the joinder of her husband and the 20 day period allowed appellant by the trial court to file satisfactory pleadings had previously expired; that in any event as a matter of law there did not exist any genuine material fact

issue to be determined, for which reasons appellee asked for a "take nothing" judgment against appellant.

It appears from the record that although the trial court's judgment reveals that proper service of appellee's motion for summary judgment had been had upon appellant, she did not reply to such motion or join issues with appellee in his allegations therein made or deny appellee's claims therein made.

Thereafter on April 17, 1958, with all parties present the trial court heard and sustained appellee's motion for summary judgment and upon a consideration of the pleadings and depositions on file rendered judgment accordingly denying "Vada Faye Freeman et vir" any recovery thus indicating that she, joined pro forma by her husband, Charles Freeman, was denied recovery in recognition of her former pleadings, joined pro forma by her husband, filed before she sought only in her own name to amend her pleadings in compliance with the trial court's order.

Appellant has sought to appeal without the joinder of her husband and has challenged the trial court's judgment upon one single point of error.

■ The parties have by agreement presented a statement of facts containing excerpts from the depositions of appellee, W. E. Harkrider, and the driver of the Pontiac automobile, Marshall B. Bailey, which excerpts the parties assert constitute all of the pertinent facts existing and shown by the said depositions, all of each of which were before the trial court. The testimony of appellee, Harkrider, there given reveals that he testified his Buick automobile then being operated by him was traveling at a rate of approximately 25 or 30 miles an hour when it was hit in the rear by the Pontiac automobile. Marshall B. Bailey testified that he did not think he was driving the Pontiac more than 55 miles at the time of the collision and that he later returned to the scene of the collision and found that his Pontiac had left skid marks

which measured 50 feet long as a result of his application of his brakes when he saw the Buick car ahead of him. Bailey further testified that the land in the area of the collision was hilly land and that immediately before he saw the Buick automobile he drove over the summit of a hill and started on the downward slope north when he first saw the Buick car in front of him headed north at a distance he would estimate to be 140 feet or less; that Mrs. Faye Freeman was riding with him in the Pontiac at the time of the collision; that at the time the deposition was taken he thought she had filed for a divorce but it had not been made final and he had heard that her husband lived in New Orleans. Bailey did not testify whether or not the Buick car had a tail light visible when he first saw it; neither did he testify that the Buick automobile was either stopped or moving on the highway at the time of the collision, but concerning such he gave the following testimony in Q and A form:

"Q. What was that car doing in respect to moving? A. The car, to my opinion, was not moving.

"Q. Now, in your opinion. What do you mean by that? Can you say positively it was not moving? A. Well, it is hard to say positively. I say, in my opinion, it was not moving.

"Q. Well, now, of course, you understand that we want just facts, I mean not— A. Well, I'm sworn under oath, and if I said the car was not—

"Q. That it was not? A. —I could be incorrect. But to my opinion, it was not.

"Q. But you can't say positively that it was not; is that correct? A. Well, I will not swear that it wasn't, but in my opinion it was not."

When Bailey testified that he did not think he was driving the Pontiac automobile more than 55 miles per hour when he ran into the back of the Buick automobile immediately after he had topped the summit of the hill and first saw the Buick and further testified that his car left skid marks 50 feet long, which fully supported his estimate of swift speed, it can be reasonably assumed that he thought he was driving at least 55 miles per hour and his admitted rate of speed under the facts and circumstances while driving at 2:30 a.m. o'clock in the early morning over a two-lane highway through a hilly area of the country was not a rate of speed that an ordinary prudent person would have been making while driving under the same or similar circumstances. Appellant is bound by her pleadings and she pleaded that Bailey, upon seeing the Buick car about 75 feet ahead of him, tried to turn and swerve the Pontiac to the right or east of the Buick when they were both headed north on the right hand side of the highway, thus attempting to pass the Buick on the wrong side, when, according to the record before us, the left hand side or lane of the two-lane highway was clear and open with no other traffic in the area. Under such existing circumstances an ordinary prudent person would not have been guilty of such action under the same or similar circumstances. Appellee, Harkrider, testified that he was driving the Buick at a rate of 25 or 30 miles per hour when the Pontiac collided with the rear end of his car and such a rate of speed was that at which an ordinary prudent person would have been driving under the same or similar circumstances. Actually, according to Bailey's testimony he was driving the Pontiac at such a high rate of speed when he topped the crest of the hill and first saw the Buick car ahead of him that he had only a few moments' time to reflect and decide what action to take. He hardly had more than one second to form an opinion of any kind or to apply his brakes in an attempt to avoid the collision. Bailey did not know whether appellee's Buick car was stopped or moving but he was willing to hazard a guess about the matter. His uncertain statements about whether or not the Buick automobile was moving or stopped and his refusal to give sworn testimony as to either does not con-

stitute competent evidence. Such statements given in his testimony in fact are so weak as to give only a surmise or suspicion and therefore constitute nothing more than speculation or giving an impression or making a guess as to what the facts were and are not admissible as evidence as against credible testimony to the contrary. Houston Fire & Casualty Ins. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442.

■ The Pontiac collided with the rear end of appellee's Buick so quickly after the Pontiac topped the crest of the hill that appellee did not have time to have done anything to have prevented the collision if he had known the Pontiac was approaching immediately before the collision but in any event appellee had the right to assume that the driver of the Pontiac approaching from his rear was observing the laws of the state. Holmes v. Cooley, Tex.Civ.App., 308 S.W.2d 150.

■ Appellant claims that appellee was not keeping a proper lookout at the time and place of the collision but it has been held that a proper lookout is one that concerns vehicles in front of the motorist and not those approaching from the rear unless there appears to have been some particular fact that called the attention of the front motorist to the other motorist following him. Le Sage v. Smith, Tex.Civ. App., 145 S.W.2d 308. In the case at bar no fact is revealed that would have called the attention of appellee to the appearance of the Pontiac following him. There is nothing to show or indicate that Bailey sounded his horn or gave any warning of his approach and appellant pleaded that the Pontiac was being operated with the head lights turned on the down beam, which pleading binds her as to such matter.

■ Appellant charges that appellee's slow rate of speed, if moving, was negligence such as proximately caused her injuries. No court of this state has held that a slow rate of speed of a motor vehicle driving upon a public road or highway

constitutes negligence. Lewis v. Merrill, Tex.Civ.App., 295 S.W.2d 920. It has been held that the operation of a motor vehicle at a rate of 5 to 10 miles per hour while moving down a hill on the driver's right hand side of the highway when struck by another moving vehicle from the rear, as appellant alleged was being done in the case at bar, did not constitute negligence on the part of the front operator. Mueller v. Bobbitt, Tex.Civ.App., 41 S.W.2d 466.

The Vernon's Ann.Penal Code, Article 827a, Sec. 8, provides that no person shall drive a motor vehicle on a public highway at a speed greater than is reasonable and prudent under the existing conditions having regard for the actual and potential hazards when approaching a hill crest. In our opinion Bailey violated this statute according to his own testimony to the effect that he drove 55 miles per hour over the crest of the hill in question at 2:30 a. m. o'clock. Bailey also violated Article 6701d, Sec. 55, Subdivision (a) when he sought to pass appellee's Buick on the right rather than the left hand side thereof as pleaded by appellant when the left hand side thereof was clear and unobstructed in so far as the record before us, reveals. He likewise violated the provisions of the same Article, Sec. 61, Subdivision (a) by driving too closely to the Buick at an unreasonable rate of speed of 55 miles per hour under the facts and circumstances shown to exist. The record conclusively reveals several acts of negligence on the part of Marshall B. Bailey, the driver of the Pontiac, on the occasion in question. It appears from the record that injuries and damages, if any, sustained by appellant on the occasion in question were caused solely by the negligence of Bailey and not by appellee.

It is doubtful if appellant met the requirements of the trial court's order sustaining appellee's pleadings and dismissing the action unless she filed satisfactory pleadings within 20 days. It is also doubtful if she justified her action in attempting to bring a suit for admittedly community

funds without bringing such in her hus-. band's name or in some manner making him a party to the suit or have justified his absence. In any event appellant did not reply to or in any way join issues with appellee in his motion for summary judgment. Finally, in our opinion no genuine material issue of fact has been shown to exist as between appellant and appellee. Consequently, under the record before us it appears that appellant's point of error should be overruled and the judgment of the trial court affirmed.