**James Ray MOSS, Appellant,**

v.

**Richard J. SHERWIN, Appellee.**

**No. 13517.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 14, 1959.

Rehearing Denied Nov. 12, 1959.

Keys, Russell, Keys & Watson, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, J. Lev Hunt, Corpus Christi, for appellee.

POPE, Justice.

This venue case concerns Section 9a of Article 1995, Vernon's Ann.Civ.Stats. Richard J. Sherwin sued James Ray Moss in Nueces County ·for personal injuries he received in an intersection collision. The trial court overruled Moss' plea of privilege to be sued in Llano County. Moss urges that there is no evidence in support of Sherwin's pleadings that Moss ran through a red light, failed to keep a proper lookout, failed to apply his brakes, failed to avoid the collision, and was speeding, and that such negligence was the proximate cause of the accident. We affirm the judgment.

Sherwin was traveling west and stopped on Bessie Street in Corpus Christi, Nueces County, Texas, because a traffic control signaled a red light. The signal did not have arrows, but only lights. Sherwin testified that he saw the light change to green, and that traffic to his right, proceeding from the north, stopped because the north light was red. Sherwin was on a motorcycle and he proceeded into the intersection when Moss approached from the south at a speed in excess of twenty miles an hour. Moss' vehicle knocked him from the motorcycle and caused the injuries. Moss argues that Sherwin did not produce evidence that the light on the south side of the signal control was red instead of green.

Sherwin saw two lights. The light toward him was green and permitted him to move west. The one on the north was red and stopped southbound traffic. With two

streets intersecting at right angles, it would strain reasonable inferences to believe that the traffic controls authorized traffic on both streets to proceed at once on simultaneous green signals. See Art. 6701d, § 33, Vernon's Ann.Civ.Stats. From Sherwin's testimony, the reasonable inferences are that the south signal, toward Moss, was red and that he proceeded into the intersection against the light. Moss failed to produce evidence in his possession which would have rebutted the inference against him, and that failure strengthened the inference. Dunn v. Johnson, Tex.Civ.App., 274 S.W.2d 108; 1 McCormick and Ray, Texas Law of Evidence, § 100.

We overrule Moss' claim that there was no evidence of the venue facts, for there was proof of negligence and proximate cause with respect to his running through a red light. It is unnecessary to discuss the proof touching the other pleadings of negligence.

The judgment is affirmed.