**TEXAS TRACTOR COMPANY, Appellant,**

v.

**TEXAS POWER & LIGHT COMPANY,
Appellee.**

No. 4380.

Court of Civil Appeals of Texas.

Waco.

July 22, 1965.

Rehearing Denied Aug. 12, 1965.

Barrow, Bland, Rehmet & Singleton, Sidney Farr, Houston, for appellant.

Bryan, Wilson, Olson & Stem, Thomas Cameron, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege.

Plaintiff, Texas Power & Light Company, filed suit against defendant, Texas Tractor Company, in McLennan County, alleging that plaintiff and defendant entered into a written contract in McLennan County whereby defendant was to sell an outdoor lighting fixture known as a Ready Lite to plaintiff's customers; that plaintiff was to purchase the installment contracts made for same and bill the customer for the monthly payments along with the customer's light bill; that defendant guaranteed in writing to repurchase from plaintiff all of the sales contracts which became in default; that $5,180.53 of the sales contracts were in default; that plaintiff had made demand of defendant to repurchase same and defendant refuses to plaintiff's damage.

Defendant filed its plea of privilege to be sued in Harris County, the county of its residence.

Plaintiff controverted, alleging that defendant was a private corporation; that plaintiff's cause of action, or a part thereof, arose within McLennan County, Texas; and that venue is maintainable in McLennan County under Subdivision 23, Article 1995, Vernon's Ann.Tex.Civ.St.

Trial was before the court without a jury which, after hearing, overruled defendant's plea of privilege.

Defendant appeals on 44 points, contending there is no evidence, or insufficient evidence, that plaintiff proved a cause of action against defendant or that any part of same arose in McLennan County, Texas. The record reflects that plaintiff sells electricity, and that defendant is a corporation; that plaintiff prepared a contract whereby defendant was to sell an outdoor light fixture to plaintiff's customers on an installment note plan; that plaintiff was to purchase such installment note and collect on it along with the purchaser's monthly bill; and that defendant guaranteed to repurchase any notes which became in default. Plaintiff mailed the contract to defendant's president in Tyler, who signed it and returned it to plaintiff's District Manager in Waco, who signed it in Waco. Pursuant to such contract defendant sold light fixtures to plaintiff's customers, and plaintiff purchased the installment notes from defendant; that some of the notes from purchasers in McLennan County and other places went in default, and that plaintiff demanded defendant repurchase same, pursuant to defendant's guarantee to do so, but defendant refused.

Subdivision 23, Article 1995, V.A.T.S. provides:

"Suits against a private corporation * * * may be brought in the county in which * * * the cause of action or part thereof arose * * *."

The written contract and guarantee is in evidence and the facts as stated were testified to by plaintiff's District Manager and District Chief Accountant. The defendant offered no evidence. We think the evidence ample that plaintiff has a cause of action against defendant and that a part of same arose in McLennan County; and that venue is maintainable in McLennan County. See: Dunn v. Johnson, Tex. Civ.App. (n. w. h.), 274 S.W.2d 108; Moss v. Sherwin, Tex.Civ.App. (n. w. h.), 328 S.W.2d 816.

All of defendant's points and contentions are overruled.

Affirmed.