Joseph R. DELLOLIO et al., Appellants,

v.

Nelda BROWN et al., Appellees.

No. 14608.

Court of Civil Appeals of Texas.

Houston.

Feb. 10, 1966.

Rehearing Denied March 3, 1966.

---

Markwell, Stubbs, Decker, Dalehite & Youngblood, Henry G. Dalehite, Jr., Galveston, for appellants.

McLeod, Alexander, Powel & Apffel, Robert W. Alexander, Galveston, for appellees.

BELL, Chief Justice.

This is an appeal from a judgment rendered by the court, based on a jury verdict, that appellants take nothing in their suit for damages allegedly resulting to Helen Louise Dellolio and her daughter, Barbara Jo, from injuries sustained in an automobile accident occurring in the City of Galveston on January 25, 1961.

The jury made the following findings in response to the following special issues:

Special Issue No. 1. Nelda Brown, the appellee, driving an automobile belonging to W. E. Glidden, did not fail to keep a proper lookout.

Special Issue No. 3. Nelda Brown failed to bring her automobile to a stop before striking the vehicle driven by Mrs. Dellolio.

Special Issue No. 4. Such failure was not negligence.

Special Issue No. 6. Nelda Brown was not operating her vehicle at an excessive rate of speed.

Special Issue No. 8. The accident was an unavoidable one.

Special Issues Nos. 2, 5 and 7 were proximate cause issues.

Appellants here contend that the jury's answers to Special Issues Nos. 2, 4, 6 and 8 are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong. Too, they contend that a negative answer to each of the supporting proximate cause issues would have also been contrary to the overwhelming weight and preponderance of the evidence.

In appraising these contentions, we must consider all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660. If after considering all of the evidence we are of the view that an answer of the jury to a material issue is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong or manifestly unjust, it becomes our duty to set aside the answer and grant a new trial, assuming, of course, the judgment is not otherwise supported. However, the mere fact that we might have made a different answer does not authorize us to substitute our opinion for that of the jury. Continental Bus System, Inc. v. Biggers, 322 S.W.2d 1 (CCA), ref., n. r. e., and authorities there cited.

The evidence here shows that about 4:30 o'clock in the afternoon Mrs. Dellolio was on her way home from her work at the Hutchings-Sealy Bank. Her daughter, Barbara Jo, was riding in the back seat of the automobile. A fellow employee, Mr. Steel, was riding in the front seat with Mrs. Dellolio who was driving her automobile. They proceeded south on 25th Street, a paved street, until they reached the intersection at Seawall Boulevard. There is a traffic control signal at the intersection. When Mrs. Dellolio reached the intersection she stopped her car at the north line of the Boulevard because the traffic signal showed red for traffic proceeding south on 25th Street. Undisputedly she had been stopped there a number of seconds when the vehicle driven by Mrs. Brown struck Mrs. Dellolio's car from the rear. It is variously estimated that Mrs. Dellolio's car, though she had

her foot on the brake, was knocked into the Boulevard a distance of from 5 to 10 feet. All evidence, even of Mrs. Brown, shows that Mrs. Dellolio's car was stopped at the intersection and there is no suggestion in the record of any sudden stop made by her. The car had been stationary for such a time that a driver approaching from the rear should on seeing it be able to stop.

Mr. Steel, the passenger in Mrs. Dellolio's car, testified they had been stopped about a minute. Mrs. Dellolio's car was pushed forward 6 or 8 feet. Mrs. Brown told the investigating officer it was all her fault. 25th Street is not level all the way to the Boulevard but some distance back there is a slight rise or hump. After crossing it, the street slopes slightly. The hump or rise does not prevent one from seeing the light half a block away.

Mrs. Dellolio testified on the day in question she saw the light a block away. On deposition she had said half a block. Her car was hit while it was stationary at the Boulevard waiting for the light to change to green.

The police officer who investigated the collision stated that Mrs. Brown told him she was in a hurry to get home and did not see Mrs. Dellolio's car until the last minute; that it was parked in front of her, stopped for the red light. The streets were wet as it was drizzling rain.

Appellants introduced a part of Mrs. Brown's testimony given on deposition. There she testified she saw Mrs. Dellolio's car shortly before the collision. When she first noticed the car it was stopped at the corner of 25th and Boulevard. She was stopped at the light. The witness assumed the light was red but she didn't notice the light. She was driving 20 or 25 miles per hour. The streets were wet. She saw Mrs. Dellolio's car about a car length away and put on her car brakes. She slid into the stopped car. The brakes engaged about the time of the collision.

Mrs. Brown had lived in Galveston many years and had driven on 25th Street at the Boulevard many times. She knew there was a traffic control signal at the intersection and that it might be showing red so she would have to stop. At the trial Mrs. Brown testified that 25th Street shortly before reaching the Boulevard rises so you go up an incline and then it tapers off. No estimate of the distance from the Boulevard is given. She was on top of the incline when she first saw Mrs. Dellolio's car. She then applied her brakes. She did not know the distance she slid, but it was for just "a little bit" before the collision. The streets were wet. She denied she told the officer it was her fault. She did not remember talking to Mr. Steel. She knew the incline was there. She again said she was about a car length away when she first saw Mrs. Dellolio.

■ We are of the view that the jury's answer acquitting Mrs. Brown of failure to keep a proper lookout is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. It is noticed that there is no testimony explaining why Mrs. Brown did not see the red light at least half a block away. The only evidence in the record shows it could be seen at least at that distance, this despite the hump or incline on 25th Street. While Mrs. Brown testified there was an incline, at no point in her testimony does she attempt to say it prevented her from seeing Mrs. Dellolio's car or the light at a greater distance away than the top of the incline. She knew the light was at the intersection and yet she does not say she looked for it though she says she knew cars might be stopped for it. She didn't even notice the light.

■ We are of the further view that an answer finding such failure not to be a proximate cause of the collision would be insufficiently supported by the evidence.

It follows that the jury's answer finding the collision to be the result of an unavoidable accident is contrary to the overwhelming weight and preponderance of the evidence.

Since the case must be reversed and remanded, it is unnecessary for us to discuss the other points of error.

Reversed and remanded.