**Roy BODDY, Appellant,**

v.

**Joseph CANTEAU, Appellee.**

**No. 14747.**

Court of Civil Appeals of Texas.

San Antonio.

May 7, 1969.

Rehearing Denied June 4, 1969.

Huson, Clark & Thornton, Hobart Huson, Jr., Robert B. Summers, San Antonio, for appellant.

Tinsman & Cunningham, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit for damages by Joseph Canteau, herein referred to as plaintiff, against Roy Boddy, herein referred to as defendant, for injuries sustained when a car being driven by plaintiff was struck from the rear by a car being driven by defendant. Trial was to a jury who found that defendant failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances, and that such failure was a proximate cause of the collision in question; that defendant failed to apply the brakes of his automobile in such a manner and at such time as a person of ordinary prudence would have applied them under the same or similar circumstances, and that such failure was a proximate cause of the collision in question; that plaintiff did not fail to keep a proper lookout; that the sum of $6,000.00 would fairly and reasonably compensate plaintiff for injuries sustained by him. Based upon such jury findings, the court awarded judgment in favor of plaintiff for $6,857.37, the plaintiff and defendant having entered into a stipulation that plaintiff would be entitled to recover $639.38 for property damages and $218.00 for reasonable and necessary medical expenses if he was entitled to a judgment in his favor.

On or about March 24, 1967, plaintiff was driving his automobile in a westerly direction on Rittiman Road, a paved street in San Antonio. There was a heavy rain at such time and water was crossing the street at a low point where the collision occurred. As he approached the water crossing, plaintiff was in the process of slowing his automobile from a speed of about 25 m. p. h. to a speed of about 15 m. p. h. when his automobile was struck from the rear by an automobile being driven by defendant, which automobile was traveling in the same direction as that of plaintiff. Plaintiff was the only witness to testify in the case.

Defendant, by his first point of error, contends that the "court erred in failing to include as a part of his definition of 'proximate cause' in his charge the term 'new and intervening (independent) cause' and then defining such term."

Plaintiff agrees that it is the law in Texas, where there is pleading and evidence raising the issue of new and independent cause the trial court should include in its definition of proximate cause the element of new and independent cause and should define the term "new and independent cause." However, plaintiff asserts that defendant's first point of error should be overruled because: (1) Defendant failed to plead that any act or condition was a new and independent cause of the collision in question; (2) there is no evidence that any act or condition, natural or manmade, affected the defendant in any way so as to interrupt the causal connection between the original conduct of the parties in order to become itself the proximate cause of the collision; (3) defendant's requested instruction relating to new and independent cause

was erroneous, and defendant never tendered a proper definition of "new and independent cause" either with his requested instruction or in connection with his objections to the court's charge.

■ The term "new and independent cause" means the act or omission of a separate and independent agency which destroys the causal connection between the negligent act or omission of the defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury. Phoenix Refining Company v. Tips, 125 Tex. 69, 81 S.W.2d 60 (1935); Young v. Massey, 128 Tex. 638, 101 S.W. 2d 809 (1937). A new and independent cause is precisely what the language implies, that is, a new and independent agency that interrupts the causal connection between the original conduct of the parties and becomes itself a proximate cause, even though the injury would not have occurred except for the original negligence. Dallas Ry. & Terminal Co. v. Little, 109 S.W.2d 289 (Tex.Civ.App.—Dallas 1937, writ dism'd).

Our Supreme Court in Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952), said: "This court has held time and again that where there is *pleading* and evidence raising the issue of new and independent cause the trial court's definition of proximate cause *must* include the element of new and independent cause and that the phrase 'new and independent cause' *must* itself be *defined.*" (Emphasis ours.) Defendant has cited four cases in support of his contention that new and independent cause is required to be submitted, where raised by the evidence, even though new and independent cause has not itself been pleaded. These four cases are: Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326; Orange & N.W.R. Co. v. Harris, 127 Tex. 13, 89 S.W. 2d 973; Young v. Massey, 128 Tex. 638, 101 S.W.2d 809; and Tarry Warehouse & Storage Co. v. Duvall, 131 Tex. 466, 115 S.W.2d 401. All of such cases are prior in date to Dallas Railway & Terminal Co. v. Bailey, supra.

■ All of those cases lend support to defendant's position that if the evidence raises the issue of new and independent cause, it is reversible error not to include the term in a definition of proximate cause. However, none of such cases pass on the question of whether it is necessary to plead new and independent cause. Assuming, without deciding, that it is not necessary to plead new and independent cause, we find no reversible error of the trial court in failing to include as a part of the definition of proximate cause in its charge, the term "new and independent cause," because there is no evidence to raise such issue. Defendant's contentions in support of this point of error are bottomed on the testimony of plaintiff that there was a heavy rain, there was a gradual down grade in the direction plaintiff was proceeding to the point of collision, there was a low water crossing at the point of collision where water was running over the road, and the pavement was wet. Defendant contends that the weather conditions, the grade of the road, the wet pavement, and the moving water undeniably had an effect on defendant's automobile and his ability to control it, and that but for these conditions and factors the accident in question would not have occurred. Defendant contends that it is logical to assume that under such conditions the road was slick and muddy, that the braking action of an automobile was affected, and that the weather conditions caused some obstruction to the visibility of defendant as he approached the water crossing. However, there is absolutely no testimony that the rain, the gradual down grade, the presence of water at the low water crossing, or the wet pavement had any effect on defendant's automobile or defendant's ability to control his automobile upon the occasion in question. Defendant's first point of error is overruled.

By his second point of error defendant asserts that the trial court erred in failing to submit his requested special issue inquiring whether the collision in question was the result of an unavoidable accident. The Supreme Court in Dallas Railway &

Terminal Co. v. Bailey, supra, defined unavoidable accident as an event not proximately caused by the negligence of any party to it. The issue of unavoidable accident exists only when there is evidence that something other than negligence of one of the parties caused the injuries complained of. Texas & P. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332 (1946); Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790 (1941).

Defendant relies on the same conditions and factors discussed under his first point of error as raising the issue of unavoidable accident, to-wit, that the collision occurred during a heavy rain, at a low water crossing, where water was running over the street, the pavement was wet, and that there was a gradual down grade on the street leading to the low water crossing. There is no testimony in the record that the street was slick or muddy, that defendant did not know of such factors and conditions, that defendant ever applied his brakes, that his car skidded on the wet street, that his view was impaired by the weather conditions, that the weather conditions had any adverse effect on his ability to control his automobile, or testimony of any kind that the conditions and factors above referred to placed defendant in such a position that he could not avoid the collision. It is of some significance that defendant, whose testimony might shed some light on whether the weather conditions adversely affected his driving or his ability to control his automobile, did not testify. American General Ins. Co. v. Nance, 60 S.W.2d 280 (Tex.Civ.App.—Dallas 1933, writ ref'd); 23 Tex.Jur.2d, Evidence, § 106.

We are aware of court decisions to the effect that the issue of unavoidable accident may be raised by the existence of such conditions as rain, wet pavement, ice, or some other specific circumstance or cause other than the negligence of one of the parties. (See Dallas Railway & Terminal Co. v. Bailey, supra, where there was testimony that there had been snow, sleet and freezing rain; Blasberg v. Cockerell, 254 S.W.2d

1012 (Tex.Civ.App.—Amarillo 1952, no writ), where in addition to testimony that there was rain and wet pavement there was also testimony that the road was slick and that one of the cars skidded.) No set rules can be given to all cases by which it can be decided just when the issue of unavoidable accident is presented, and the facts of each case must be looked to in determining whether the question of unavoidable accident is presented.

The testimony of plaintiff, which is uncontroverted, was that as he approached the low water crossing, he could see the low water crossing and gradually applied his brakes, reducing his speed from about 25 m. p. h. to about 15 m. p. h., that his brake lights were working; that he had already entered the low water crossing when his car was suddenly struck from the rear by defendant's automobile and knocked forward by such impact beyond the low water crossing. There is no suggestion in the record of any sudden stop made by plaintiff. The jury found that defendant failed to keep a proper lookout and that this was a proximate cause of the collision in question; that defendant negligently failed to apply his brakes and that this was a proximate cause of the collision in question.

We do not see how the evidence in this case raised an issue that the collision occurred from any cause other than the negligence of one of the parties. Under the testimony, there was no evidence to support the submission of defendant's requested special issue inquiring whether the collision was not the result of an unavoidable accident. Hicks v. Brown, supra; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943); Dellolio v. Brown, 399 S.W.2d 425 (Tex. Civ.App.—Houston 1966, no writ); Meinen v. Mercer, 390 S.W.2d 36 (Tex.Civ.App.— Corpus Christi 1965, writ ref'd n. r. e.); Thompson v. Gibbons, 290 S.W.2d 396 (Tex.Civ.App.—San Antonio 1956, no writ); City of Amarillo v. Hill, 278 S.W. 2d 332 (Tex.Civ.App.—Amarillo 1954, no writ); Good v. Born, 197 S.W.2d 589 (Tex.

Civ.App.—San Antonio 1946, writ ref'd n. r. e.).

Defendant, by his third and fourth points of error, asserts: (1) The court erred in submitting special issues numbers one, two, three and four,[1] because there is no evidence to support such submission and an affirmative finding thereto would be against the great weight and preponderance of the evidence; (2) there is no evidence to support the jury's findings to such special issues and the jury's findings thereto are against the overwhelming weight and preponderance of the evidence; (3) the court erred in overruling defendant's motion for instructed verdict.

The thrust of defendant's contentions in this regard is that all the plaintiff's testimony establishes is that his automobile was struck from the rear by defendant's automobile, and that there is no evidence, direct or circumstantial, that defendant failed to keep a proper lookout, that he was driving at an excessive rate of speed, that he made an improper application of brakes, that he failed to turn, that he was following too close, or that he could have prevented the accident. It is to be remembered that plaintiff was the only witness to testify and that defendant did not testify.

■ Defendant contends, and we agree, that the occurrence of an accident or collision is not in itself evidence of negligence. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195 (1937). Plaintiff testified that his automobile was struck from the rear by defendant's automobile while both were traveling in the same direction at a time when plaintiff's automobile was traveling approximately 15 m. p. h., that the force of the collision was such that it knocked plaintiff around violently within his car, the impact made a loud noise, plaintiff's automobile was knocked forward completely out of the low water crossing where the collision occurred and came to a stop about ten or fifteen feet beyond the low water crossing. It was stipulated by plaintiff and defendant that the amount of property damages sustained by plaintiff's automobile in the collision was $639.38. Plaintiff testified that the front end of defendant's automobile was damaged and that the radiator had been pushed back against the fan. Pictures of plaintiff's automobile were introduced into evidence to show the extent of damages to plaintiff's automobile and the force of the impact. Plaintiff did not see defendant's automobile prior to the collision and was unaware of its presence until it struck the rear end of his car. Plaintiff testified that after the collision he saw no skid marks.

■ Both negligence and proximate cause may be inferred from the circumstances, Bock v. Fellman Dry Goods Co., 212 S.W. 635 (Tex.Com.App.1919, holding approved); Renshaw v. Countess, 289 S.W. 2d 621 (Tex.Civ.App.—Fort Worth 1956,

---

1. "SPECIAL ISSUE NO. 1
    Do you find from a preponderance of the evidence that on the occasion in question Roy Boddy failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances?
    
    Answer 'He did fail' or 'He did not fail.'
    We the jury answer He did fail.

"SPECIAL ISSUE NO. 2
    Do you find from a preponderance of the evidence that such failure, if any, inquired about in the preceding question, was a proximate cause of the collision in question?
    Answer 'Yes' or 'No.'
    We the jury answer Yes.

"SPECIAL ISSUE NO. 3
    Do you find from a preponderance of the evidence that on the occasion in question Roy Boddy failed to apply the brakes of his automobile in such manner and at such time as a person of ordinary prudence would have applied them under the same or similar circumstances?
    Answer 'He did fail' or 'He did not fail.'
    We the jury answer He did fail.

"SPECIAL ISSUE NO. 4
    Do you find from a preponderance of the evidence that such failure, if any, inquired about in the preceding question, was a proximate cause of the collision in question?
    Answer 'Yes' or 'No.'
    We the jury answer Yes."

no writ), and negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); McDuff v. Howard, 430 S.W.2d 953 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.).

■ A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes another motor vehicle in front of it going in the same direction, and the collision itself is some evidence of negligence on the part of the motorist who strikes a preceding car from the rear. Miller v. Wagoner, 356 S.W.2d 363 (Tex.Civ.App.—Austin 1962, no writ); Manning v. Block, 322 S.W.2d 651 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.); Renshaw v. Countess, supra. In *Renshaw* the Court said:

"We think it is the law that a motorist following another vehicle must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping; that he must maintain a proper lookout for the car in front, so that he can stop without a collision or can turn out and pass the vehicle in front without getting in the way of traffic approaching from the opposite direction. A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction. The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear. Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 2, p. 143, sec. 942; Caraway v. Behrendt, Tex. Civ.App., 224 S.W.2d 512; Mueller v. Bobbitt, Tex.Civ.App., 41 S.W.2d 466; Houston Electric Co. v. McLeroy, supra [Tex.Civ.App., 153 S.W.2d 617]."

Plaintiff also asserts that the failure of defendant to testify at the trial of the case is a circumstance that may be considered in determining an issue upon which the testimony would shed light. In American General Insurance Co. v. Nance, 60 S.W.2d 280 (Tex.Civ.App.—Dallas 1933, writ ref'd), the Court held that while the failure of a litigant to testify is not conclusive against him, yet it is a circumstance that may be considered in determining an issue upon which the testimony would shed light, and that the failure of a litigant to testify justifies an inference that the truth would not have strengthened his case. See also Knight v. Smith, 405 S.W.2d 392 (Tex.Civ. App.—Dallas 1966); Moss v. Sherwin, 328 S.W.2d 816 (Tex.Civ.App.—San Antonio 1959, no writ); Renshaw v. Countess, supra; 23 Tex.Jur.2d, Evidence, § 106.

■ There is sufficient evidence to support the submission of special issues Nos. 1, 2, 3 and 4, and the jury's answers thereto, and we find no error of the trial court in overruling defendant's motion for instructed verdict. See McDonald, Texas Civil Practice, Vol. 3, § 11.28. Defendant's third and fourth points of error are overruled.

Defendant also contends that the court erred in failing to disregard the finding of the jury that plaintiff did not fail to keep a proper lookout, because such finding is against the overwhelming weight and preponderance of the evidence, citing in support thereof Jones v. Downey, 359 S.W.2d 116 (Tex.Civ.App.); LeSage v. Smith, 145 S.W.2d 308 (Tex.Civ.App.), and Scott v. McElroy, 361 S.W.2d 432 (Tex.Civ.App.). We do not regard such cases as controlling under the testimony in this case.

■ It is a settled rule that proper lookout is ordinarily a fact question. Lynch v. Ricketts, supra; Texas & Pacific Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332 (1946); Berry v. Sunshine Laundries & Dry Cleaning Corp., 387 S.W.2d 948 (Tex. Civ.App.—San Antonio 1965, writ ref'd n. r. e.).

■ It appears from plaintiff's testimony that as he approached the water

crossing he gradually decreased his speed from about 25 m. p. h. to about 15 m. p. h. and was traveling at this rate of speed when his car was struck from the rear by defendant's automobile. In the absence of some fact that should have attracted plaintiff's attention to a situation that required a lookout to the rear, he would have no duty to keep one. There is nothing in the nature of the situation shown that required plaintiff to watch cars to the rear. See Kerr v. Dildine, 410 S.W.2d 808 (Tex.Civ.App.—Austin 1967, no writ); Hill v. W. E. Brittain, Inc., 405 S.W.2d 803 (Tex.Civ.App.—Fort Worth 1966, no writ); Solana v. Hill, 348 S.W.2d 481 (Tex.Civ.App.—Eastland, writ ref'd n. r. e.); Freeman v. Harkrider, 320 S.W.2d 238 (Tex.Civ.App.—Amarillo 1959, no writ). Under the evidence, the finding of the jury that plaintiff did not fail to keep a proper lookout is not against the overwhelming weight and preponderance of the evidence.

By his sixth point of error, defendant complains that the court erred in overruling his motion for mistrial presented at the time plaintiff was testifying, since the testimony complained of injected the matter of insurance before the jury.

While plaintiff was testifying, plaintiff's counsel sought to introduce four photographs of plaintiff's automobile. On voir dire examination by counsel for defendant the following ensued:

COUNSEL FOR DEFENDANT:

Q There is a name, Mr. Cantreau, on the reverse of Plaintiff's Exhibit No. 1 for identification. Is that the name of the person who took the photograph?

A Well, the photograph was taken by an insurance adjustor, agent, or something of this nature so I don't know the man's name, sir. He just came out to the company. This car was sitting on Tindall Pontiac Company's lot.

Q Was this made for you, however?

A It was made for the insurance company. They didn't give me a copy of it. I mean, I don't have a copy of it. I didn't pay for the taking of the photographs.

COUNSEL FOR DEFENDANT: May we have a conference with the Court?

■ Ordinarily, it is error to inform the jury that the defendant in an action for damages for personal injury is protected by indemnity insurance. Finck Cigar Co. v. Campbell, 134 Tex. 250, 133 S.W.2d 759 (1939); Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234 (1934). However, the mention of insurance does not always require a reversal in a personal injury case. St. Louis Southwestern Ry. Co. v. Gregory, 387 S.W.2d 27 (Tex.Sup.1965). In Dennis v. Hulse, 362 S.W.2d 308 (Tex. Sup.1962), the Court said: "Under our practice an appellate court is not authorized to reverse merely because the record discloses some error that is reasonably calculated to cause a miscarriage of justice. The party appealing must also show that it probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, Texas Rules of Civil Procedure."

■ The testimony complained of does not in any manner indicate that the photographs were taken by anyone connected with an insurance company for defendant, or infer that the defendant was covered by liability insurance. The photographs were attempted to be introduced by plaintiff's counsel and the jury could logically infer that the insurance company referred to was that of plaintiff. The record does not establish that such testimony was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

By his seventh point of error defendant contends that the trial court erred in overruling defendant's exceptions to arguments made by counsel for plaintiff before the jury and in refusing defendant's re-

quest that the jury be instructed to disregard such arguments.

■ The question of whether defendant has been harmed by an allegedly improper argument of plaintiff's counsel is to be determined by an appellate court as a matter of its judgment in the light of the record as a whole. Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115 (1951); Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191 (1949). Generally speaking, to entitle one to a new trial because of improper argument of counsel for the opposing party it must be shown that objection was made and overruled at the time the argument was made, and it is only when the probable harm or resulting prejudice cannot be eliminated or cured by retraction or instruction that a new trial will be awarded in the absence of timely objection. Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856 (1954). Before a judgment is reversed because of argument of counsel, the argument must be improper and must be such as to satisfy the reviewing court that it is reasonably calculated to cause and probably did cause the rendition of an improper judgment Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953).

■ The record contains a bill of exceptions presented by defendant in which he asserts that plaintiff stated to the jury, in effect, that counsel for defendant was there only for the purpose of seeing that plaintiff did not get a dime, and that such argument suggested to the jury that they concern themselves with the effect of their answers. The bill of exceptions also states that objection was made by defendant to such remarks and request made that the jury be instructed to disregard such remarks, which was overruled. Plaintiff filed in the trial court a written objection to such bill of exceptions, in which he asks that such bill of exceptions be disapproved because it did not correctly state the argument made by plaintiff's

counsel, and also states that no objection to any part of such argument was made by defendant, and that defendant did not request the court to instruct the jury to disregard any portion of such argument. The record reflects that such bill of exceptions was disapproved by the court. Defendant did not perfect a bystander's bill of exceptions as provided under the provisions of Rule 372(j), Texas Rules of Civil Procedure. The record does not contain a transcript of the jury arguments or any portions thereof.

Under the record before us defendant's seventh point of error must be overruled. Rule 372, T.R.C.P.; Sisk v. Randon, 123 Tex. 326, 70 S.W.2d 689 (1934); Sloan v. Miami Margarine Co., 247 S.W.2d 169 (Tex.Civ.App.—Dallas 1952, writ ref'd n. r. e.); Dyches v. Ellis, 199 S.W.2d 694 (Tex.Civ.App.—Austin 1947).

By his eighth point of error defendant contends that the trial court erred in failing to set aside the jury's verdict and the court's judgment because the amount of money found by the jury as damages was against the overwhelming weight and preponderance of the evidence, and because such sum of money, under the evidence, is unjust and shocking to the conscience. In support of such point, defendant contends that the type of injuries sustained by plaintiff, the extent of such injuries, the duration of same, the extent and type of medical treatment, the minimal medical expense, the absence of loss of time from work, and the testimony in general do not justify the award of the jury. The jury in answer to the only damage issue submitted found damages in the amount of $6,000.00, and under the court's instruction the damages were restricted to pain and suffering.

■ Before an appellate court will disturb a judgment rendered upon a jury verdict on the grounds that the verdict is excessive, there must be circumstances tending to show that it was the result of passion, prejudice, or other motive, or

that the amount fixed was not the result of deliberate and conscientious conviction in the minds of jury and court, or so excessive as to shock a sense of justice in the minds of the appellate court. Missouri Pacific Railroad Co. v. Miller, 426 S.W.2d 569 (Tex.Civ.App.—San Antonio 1968, no writ); Green v. Rudsenske, 320 S.W.2d 228 (Tex.Civ.App.—San Antonio 1959, no writ).

■ Matters of pain and suffering and future pain and suffering are necessarily speculative and it is peculiarly within the province of the jury to resolve these matters and set the amount of such damages. Bluebonnet Express, Inc. v. Foreman, 431 S.W.2d 45 (Tex.Civ.App.—Houston (14th) 1968); Ruffo v. Wright, 425 S.W.2d 663 (Tex.Civ.App.—San Antonio 1968).

■ Plaintiff testified that as a result of the collision he was thrown around violently within the car, that he sustained injuries to his knee, chest, shoulder, back and neck, and that he first noted pain immediately after the impact. He stated that thereafter he was treated by a doctor for approximately six weeks, that he had been taking heat treatments, electronic treatments, and muscle relaxants; that since the date of the accident he continued to have pain in his neck and back up to the present time; that in his work he has to sit in a chair for long periods of time and after doing so his back hurts. He testified that his ability to drive an automobile had been restricted, that he had not noticed any improvement in his neck and back condition over the past several months, and that at the time of trial he still had pain about the neck and trouble in his low back area; that he had headaches periodically since the wreck.

We cannot say from examination of this record that excessive damages were awarded to plaintiff or that the finding of the jury is so against the great weight and preponderance of the evidence as to be manifestly unjust.

By his ninth point of error defendant complains that the court erred in submitting as an element of damages "future pain and suffering" and in failing to separate the element of future pain and suffering from past pain and suffering.

We do not deem it necessary to again review in full the evidence as to pain and suffering, which has heretofore been set out in some detail but it is to be remembered that plaintiff testified that he was still suffering pain in both his back and neck at the time of the trial, that he still had headaches periodically, that he had not noticed any improvement in his neck and back condition in the past several months, and that the neck and back condition had remained primarily the same for the past six months.

In our opinion, the testimony sufficiently raised the issue of future pain and suffering. Kingham Messenger & Delivery Serv., Inc. v. Daniels, 435 S.W.2d 270 (Tex.Civ.App.—Houston (14th) 1968); Verhalen v. Nash, 330 S.W.2d 676 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.); Dallas Railway & Terminal Co. v. Enloe, 225 S.W.2d 431 (Tex.Civ.App.—Dallas 1949, writ ref'd n. r. e.). We find no merit in defendant's ninth point of error and it is overruled.

We have considered all of defendant's points of error and all are overruled. The judgment of the trial court is affirmed.

BARROW, Chief Justice (dissenting).

I cannot agree that the trial court properly refused to submit an issue on unavoidable accident. This defense was affirmatively pleaded by appellant, and timely requested by proper issue and definition.

I am fully aware of the rule that if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident. See Mason v. Ratcliff, 437 S.W.

2d 320 (Tex.Civ.App.—San Antonio 1969, no writ); Miles-Sierra Co. v. Castillo, 398 S.W.2d 948 (Tex.Civ.App.—San Antonio 1966, writ ref'd n. r. e.). However, it has been uniformly held that a jury issue is raised as to unavoidable accident if the evidence shows rain, wet pavement, or some other specific circumstance or cause other than the negligence of one of the parties. See Blanton v. E & L Transport Co., 146 Tex. 377, 207 S.W.2d 368 (1948); Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943); Vergauwen v. Parsons, 294 S.W.2d 863 (Tex.Civ.App.—Waco 1956, no writ); Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ.App.—Amarillo 1953, writ ref'd n. r. e.); Blasberg v. Cockerell, 254 S.W.2d 1012 (Tex.Civ.App.—Amarillo 1952, no writ); Hodges, Special Issue Submission in Texas, § 21. It is seen that in the landmark case, Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952), the Court held that the trial court's definition of unavoidable accident properly defined same as "an event which happens without having been proximately caused by the negligence of any party to it." There was no holding that the weather elements there presented had not raised the issue.

In examining the record to determine whether there is evidence sufficient to raise such issue, we are required to examine same under the "no evidence" test. That is, we must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1950). Furthermore, it is well settled that in determining whether or not an issue of unavoidable accident was raised by the evidence, we cannot look to the answers of the jury to other issues. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup. 1966); Blanton v. E & L Transport Co., supra; Humble Pipe Line Co. v. Kincaid, 19 S.W.2d 144 (Tex.Civ.App.—San Antonio 1929, writ ref'd).

Here the accident occurred during a heavy rainstorm which had resulted in water over a foot deep running across the pavement. Appellee was familiar with the area and knew, from such familiarity, that water ran over the street during such occasions. From previous experience, he knew that he must slow to cross such water. He slowed for same and was struck by appellant's automobile crossing said low water. There is no evidence that appellant was aware of this flooding water on the wet pavement.

The majority's holding is apparently based on the proposition that unavoidable accident was not raised because there was no testimony by appellant and therefore there is no evidence as to what happened to his car. It is true that appellant did not testify, nor was any explanation shown for such failure, although the record does show that he resided in Volusia County, Florida. I do not understand that unavoidable accident is conditioned upon testimony from the defendant or even from an occupant of his car. Here the only testimony in the record came from appellee, an interested witness. Such evidence, even though uncontradicted, presents an issue of fact to be determined by the trier of facts. James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W. 2d 371, 377 (1960). It is true, as pointed out by the majority opinion, that both negligence and proximate cause may be inferred from the circumstances. However, the same rule recognizes that the trier of facts may find that such circumstances do not show negligence or causation.

It is my opinion that an application of the foregoing rules to the record before us establishes that there is evidence more than a scintilla that the collision sued on herein was the result of an unavoidable accident. I cannot agree that the trial court did not err in refusing to submit this defensive issue which was properly pleaded and timely requested. Accordingly, I respectfully dissent.