ORANGE & NORTHWESTERN RAILROAD COMPANY V.
LUTHER HARRIS ET AL.

No. 6561. Decided January 15, 1936.
Rehearing overruled February 26, 1936.
(89 S. W., 2d Series, 973.)

14

*Chas. T. Butler, W. G. Reeves,* both of Beaumont, *Andrews, Kelley, Kurth & Campbell,* of Houston, for plaintiff in error.

If the evidence raised any issue sufficient to take the case to the jury, one such issue was that of unavoidable accident, and defendant having requested submission of that issue with an appropriate definition, the trial court's failure to submit the issue was error and the Court of Civil Appeals erred in holding to the contrary. Robinson v. Houston Belt & Ter. Ry. Co., 23 S. W. (2d) 894; Texas Mex. Ry. Co. v. Hoy, 24 S. W. (2d) 18; Texas & N. O. Ry. Co. v. Adams, 27 S. W. (2d) 331.

Plaintiff having testified that the reason for his running into defendant's car was that he was blinded by an overhanging street light, the issue of new and independent cause was raised and it was error for the trial court to overrule defendant's exception to the court's charge on the ground that it did not contain such qualification and to fail so to qualify the definition of proximate cause, and the Court of Civil Appeals erred in holding to the contrary. Texas & N. O. Ry. Co. v. Stratton, 74 S. W. (2d) 741; Wichita Valley Ry. Co. v. Fite, 78 S. W. (2d) 714; Phillips v. Davis, 3 Fed. (2d) 798.

*Dies, Stephenson & Dies,* of Orange, for defendants in error.

It was not error for the trial court to refuse to submit to the jury a charge of the court defining unavoidable accident. Barnes Bros. v. International & G. N. R. Co., 1 S. W. (2d) 273;

Dallas Ry. Co. v. Alexander, 23 S. W. (2d) 513; Gulf C. & S. F. Ry. Co. v. Ballew, 39 S. W. (2d) 180.

*T. D. Gresham, R. S. Shapard,* and *G. O. Bateman,* all of Dallas, and *Shropshire & Bankhead,* of Weatherford, filed brief as amicus curiae.

MR. JUSTICE SHARP delivered the opinion of the Court.

Luther Harris recovered judgment against the Orange & Northwestern Railroad Company for the sum of $10,000.00, as a result of an injury received by him in a collision, while riding in an automobile in the city of Orange, with a flat car belonging to the railroad company. The Court of Civil Appeals at Beaumont by a divided court affirmed the judgment of the trial court. 57 S. W. (2d) 931, 59 S. W. (2d) 217. We refer to the majority and dissenting opinions for a more detailed statement of the facts and issues involved.

The case was submitted to the jury on special issues. The jury found that the railroad company was not negligent in leaving the car on the crossing, and that Harris was not guilty of contributory negligence. The jury also found that the railroad company was negligent in failing to station a flagman at the derailed car to warn persons using the street of its presence on the crossing. Counsel for the railroad company requested that the issue of unavoidable accident be submitted to the jury for determination. The trial court refused to submit such issue. Writ of error was granted upon the proposition that the evidence raised the issue of unavoidable accident, and that the trial court erred in failing to submit such issue to the jury.

The material facts are summarized as follows: The collision occurred at the crossing of College Street and the Orange & Northwestern Railroad track in the city of Orange at about 7 o'clock P. M., on December 6, 1927. The street was paved, and the paved portion was some 15 feet wide. The railroad track crossed the street at right angles, and on a level. The railroad employees had been moving two flatcars loaded with creosote pilings to the city docks. It was what is known as a "twin load," which requires two flatcars on which to load it. In moving this load, one of the flatcars was derailed over the street crossing. In attempting to pull it back from over the crossing, the drawhead of one of the cars pulled out, and the car could not be moved farther. The flatcar thus left covered part of the paved portion of the street crossing. When the flatcar could not be removed from over the street crossing, the

trainmen left it with a white light lantern set on the drawhead of the car, while an employee went to get a red light to place on the end of the car. While this employee was gone after the red light, Harris came along in his automobile, driving at about 14 miles per hour. It had been raining, and the night was dark and cloudy. There was an arc light, hanging very low, some 54 feet from the crossing, in front of a store. Harris was approaching from the side of the store, and drove under this low-hanging arc light going toward the track. He testified that he had not seen the flatcar before he drove under the arc light, and that when he drove under the light it blinded him so that he could not see objects ahead of him, and that he continued going toward the crossing at the rate of 14 miles per hour, and was not aware of the presence of the flatcar until his automobile collided with it. He was driving on his right. There was no one at the end of the flatcar on the crossing to warn him of the presence of the flatcar. The street was one very much used at all hours, and the track was in frequent use by the railroad company, but very seldom at night. Harris was well acquainted with the crossing, and had been driving over it for years in going from and returning to his home. During the time employees of the railroad were endeavoring to remove the flatcar from the crossing, many persons in automobiles approached the crossing and were directed by persons not in the employment of the railroad company around the derailed car, and several automobiles in trying to pass had gotten partially off the paved portion, and had to be pushed out. This was done until the space was open enough for cars to pass. The nature of the crossing as it usually existed was not such as to require the constant stationing of a flagman at it to warn persons of danger.

In the case of Dallas Railway & Terminal Co. v. Darden, 38 S. W. (2d) 778, it was said:

"An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable. Galveston, H. & S. A. Ry. Co. v. Gormley (Tex. Civ. App.), 35 S. W., 488; Hodgson v. Dexter, 12 Fed. Cas., 283, No. 6565; Smith v. Southern Ry. Co., 129 N. C., 374, 40 S. E. 86; Wilson v. Roach, 101 Okl., 30, 222 Pac., 1000; Dygert v. Bradley, 8 Wend. (N. Y.), 469.

"It is impossible to announce a fixed rule applicable to all

cases by which it can be decided just when the issue of unavoidable accident is presented. In order to determine whether such issue is involved, the facts of each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law."

■ The evidence introduced on the part of the railroad company tends to show that the nature of the crossing was not such as to require the constant presence of a flagman at it to warn persons approaching it; that the railroad company was not negligent in leaving the car on the crossing; that the employees placed a white light lantern in the drawhead of the car to warn persons of its location, and while an employee was gone to get a red light to place thereon the collision occurred; and, furthermore, that the arc light maintained by the city blinded Harris when he approached the crossing, to such an extent that he did not see the car in time to avoid it.

On the other hand, the evidence tends to show that Harris, under all the circumstances, was not negligent in approaching the crossing as he did. It is undisputed that the street light was maintained by the city, and that the parties to the suit had no control over it in any way. It is not shown that the railroad company knew of the hazard created by it, nor did Harris know that the flatcar obstructed part of the street. Harris testified that he guessed that he was not going over 14 miles per hour. The arc light blinded him, and he could not see the flatcar after he passed under the light. He did not slow up his automobile before he hit the flatcar. He guessed that he could have stopped the car within a distance of 20 feet traveling 14 miles per hour. He was thoroughly acquainted with the crossing and the arc light on the street. Testimony further shows that when it became evident that the derailed car could not be removed, one of the employees went to the roundhouse, which was about three blocks away, to get a red light to place on the car. He was within about 200 feet of the car with the red light when Harris collided with the car.

The issue of unavoidable accident is raised when there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties. Texas & P. Ry. Co. v. Edwards et al. (Tex. Com. Appls.), 36 S. W. (2d) 477; Greer v. Thaman et al. (Tex. Com. Appls.), 55 S. W. (2d) 519.

Measured by the foregoing rules, we think the evidence

raised the issue of unavoidable accident, and it was error not to submit that issue to the jury for determination.

■ The trial court defined proximate cause as follows:

"You are instructed that the term 'proximate cause,' as that term is used in the charge, means a moving and efficient cause, without which the injury in question would not have happened; an act or omission becomes a proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question and one that ought to have been foreseen by a person of ordinary care and prudence in the light of attending circumstances. It need not be the sole cause, but it must be a concurring cause which contributed to the production of the result in question and but for which the said result would not have occurred."

It will be noted that the foregoing definition does not include the term "new and independent cause." Complaint is made of this omission.

The testimony clearly shows that Harris was familiar with the street and crossing where the collision occurred, and that he knew the arc light was placed there. It is also shown that the city maintained the arc light, and that the railroad company had nothing to do with it. The testimony further shows that the arc light was about 54 feet from the railroad track; and Harris testified that the light blinded him and that he was unable to see the flatcar after he passed under the arc light. The testimony also shows that he never lessened the speed of his car after he passed under the arc light, until the collision occurred. We think the testimony raises the question of a "new and independent cause," and upon another trial the definition of "proximate cause" should embrace that term together with a definition of same. Greer v. Thaman et al. (Tex. Com. Appls.), 55 S. W. (2d) 519.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and this cause is remanded to the District Court for another trial.

Opinion delivered January 15, 1936.

Rehearing overruled February 26, 1936.