## PHIPPS v. EVANS.

### No. 3068.

Court of Civil Appeals of Texas.

Waco.

Oct. 29, 1953.

Rehearing Denied Nov. 25, 1953.

Fitzpatrick & Dunnam, Waco, for appellant.

O'Dowd & O'Dowd, Waco, for appellee.

HALE, Justice.

The trial of this case in the court below resulted in judgment for appellee. Upon appeal to this Court the judgment was reversed and the cause was remanded to the Court below for another trial for the reasons set forth in the opinion reported in 255 S.W.2d 893. The Supreme Court granted a writ of error and upon consideration of the cause handed down its opinion and entered its order reversing the judgment of this Court and remanding the cause for further consideration here. See Evans v. Phipps, 259 S.W.2d 723. The order of the Supreme Court reversing the judgment of this Court and remanding the cause for further consideration here reads in part as follows: "Because it is the opinion of the Court that there was error in the judgment of the Court of Civil Appeals in its failure to consider several points of error over which it has final jurisdiction, it is therefore ordered, adjudged and decreed that the judgment of the Court of Civil Appeals be reversed and this cause be remanded to that Court for further consideration in accordance with the opinion of this Court."

Under Points 38 to 52, inclusive, appellant presents the contention in his brief that the trial court erred in rendering judgment against him because of the insufficiency of the evidence to support the findings of the jury in response to the various special issues upon which the case was submitted to the jury as set forth in the prior opinion of this Court. As we understand the record before us and the law applicable thereto, these are the points of error and the only points of error presented in the brief of appellant over which the appellate jurisdic-

tion of this Court is final, they being the only points relating to the insufficiency of the evidence to support the findings of fact made by the jury.

■ In passing upon the contention of appellant under his points of error from 38 to 52, inclusive, it is our duty to consider all of the competent evidence introduced upon the trial of the case which tends to throw any light upon the issues of fact submitted to the jury. If it clearly appears from the record in its entirety that the material findings of the jury on any of the controlling issues of fact which the trial court submitted are against the great weight and preponderance of the evidence as a whole to such extent as manifestly to be wrong and unjust, then such findings should be set aside and a new trial ordered. However, in order to warrant the court in setting aside the verdict of a jury on account of the insufficiency of the evidence to support the same, it is not enough that it is not clear that the verdict is right, but it must clearly appear that the verdict is wrong before the court can properly set the same aside. Missouri-Kansas-Texas R. Co. of Texas v. Anderson, Tex.Civ.App., 258 S.W. 2d 375, er. ref. n. r. e., pts. 1, 3, 4 and authorities.

■ We do not think any useful purpose would be served by attempting to set forth all of the competent evidence introduced upon the trial of this case in relation to the various issues which the court below submitted to the jury. Having duly considered all of the evidence, we have concluded that it was not only sufficient to carry the case to the jury on the issues of fact which the trial court submitted, as stated in our prior opinion, but it was also sufficient to support the material findings which the jury made in response to the issues so submitted. Therefore, we overrule appellant's points of error 38 to 52, inclusive.

In the light of the opinion and order of the Supreme Court reversing the judgment of this Court and remanding the cause for further consideration here, it is not entirely clear to us whether it now is our duty to pass again on appellant's points of error 1 to 15, inclusive, or to consider any of the other points of error in appellant's brief over which the jurisdiction of this Court is not final. But, in addition to a consideration of the points of error over which the jurisdiction of this Court is final, we have again considered points 1 to 15, inclusive, and we have also considered all other points of error presented in the brief of appellant before this Court and have now concluded that no reversible error is disclosed by the record before us. Therefore, all of appellant's points of error are hereby overruled and the judgment appealed from is affirmed.