Alfred VERGAUWEN, Appellant,

v.

Lela Mae PARSONS, a Feme Sole, and Mrs. Barbara Copeland, Joined Pro Forma by her Husband, Jointly and Severally, Appellees.

No. 3425.

Court of Civil Appeals of Texas.

Waco.

Oct. 18, 1956.

W. L. Tandy, Waco, for appellant.

Alton B. Clark, Waco, for appellees.

McDONALD, Chief Justice.

This case involves an intersection collision between the plaintiff Vergauwen and the defendant Parsons. The plaintiff alleged the defendant was negligent and that he sustained $455 damages. The defendant answered by general denial, contributory negligence on the part of plaintiff, and that the collision was the result of an unavoidable accident. Trial was to a jury which, in answer to special issues submitted, found that plaintiff was guilty of no negligence;

that defendant was guilty of no negligence; and that the collision was the result of an unavoidable accident. The Trial Court entered judgment that plaintiff take nothing. Plaintiff filed motion for new trial, which was overruled, and plaintiff appeals, contending: (1) The Trial Court erred in submitting the issue of unavoidable accident in that there was no evidence to submit the issue. (2) The verdict and judgment are contrary to the undisputed evidence, in that defendant admitted facts which made her negligent as a matter of law.

Plaintiff's 1st contention is that the Trial Court erred in submitting the issue of unavoidable accident to the jury. The defendant plead that the collision was the result of an unavoidable accident. The evidence shows that the defendant was traveling north on 16th Street across the intersection of 16th Street and Marshall Street; and that the plaintiff was proceeding west on Marshall Street at the intersection of 16th Street and Marshall Street. Three witnesses testified that the intersection had a line of trees and hedges on the right side of 16th Street which obstructed visibility to cars traveling on 16th Street.

When a defendant pleads unavoidable accident and the evidence raises the issue, the court is required to submit it. A jury issue is raised as to unavoidable accident if the evidence shows wet pavement, skidding, *existence of an obstacle that might obstruct the view,* or some cause other than the negligence of one of the parties. Winn v. Taylor, Tex.Civ.App., 111 S.W.2d 1149. In examining the facts to determine if unavoidable accident is involved the evidence must be construed in the light most favorable to submission of the issue. Kuykendall v. Doose, Tex.Civ. App., 260 S.W.2d 435, W.E. Ref. NRE.

Applying the rules announced to the facts in the case at bar, we think the Trial Court correctly submitted the issue of unavoidable accident to the jury.

Plaintiff's 2nd contention is that the verdict and judgment are contrary to the undisputed evidence in that the defendant admitted to facts which made her negligent as a matter of law. Plaintiff contends in his brief that defendant admitted "that she was charged with and paid the penalty for failing to yield the right of way and reckless driving on the occasion in question"; further, that: "she knew the intersection was dangerous and usually slowed down upon approaching same, but did not do so in this instance"; furthermore, "that she did not even see plaintiff until within 6 to 10 feet of his vehicle; that she did not put on her brakes prior to the collision."

The jury found that defendant (1) did not fail to keep a proper lookout; (2) did not fail to yield the right of way; (3) did not fail to apply her brakes; (4) failed to stop for vehicle prior to the collision, but that such act was not negligence; (5) was not driving her vehicle at an unsafe speed.

Plaintiff contends that every issue found by the jury concerning acts of the defendant is directly contrary to the evidence and testimony.

The only evidence as to failure to yield the right of way was defendant's admission that she received a ticket for such. There was no evidence shown that she owed any duty to plaintiff to yield the right of way on this occasion. Defendant was driving down a city street at a speed of 20 to 25 miles per hour. There was nothing to show that such speed was unreasonable under the circumstances, and nothing to show that she could foresee that such speed was too great under the circumstances; or that she was under any duty to apply her brakes. Further, plaintiff has waived any complaint as to proper lookout and to excessive speed in failing to raise such in his motion for new trial. See Rule 324, Texas Rules of Civil Procedure.

The rule regarding the reversal of causes where the evidence is alleged to be insuf-

ficient to support a jury finding is clearly stated in Missouri-Kansas-Texas Ry. Co. of Texas v. Anderson, Tex.Civ.App., 258 S. W.2d 375, 378, W/E Ref. NRE:

"Unless the evidence was *clearly* insufficient to support such a finding, then we could not say the answer of the jury to the damage issue was manifestly wrong or unjust * * *.

"As pointed out by the Supreme Court in the early case of Briscoe v. Bronaugh, 1 Tex. 326, the law 'has no scales wherein to weigh the different degrees of probability; still less to ascertain what weight of evidence shall amount to proof of any disputed fact. * * * The law, therefore, refers the weight of evidence and the different degrees of probability to the jury, who are to be guided in their decision by their conscientious judgment and belief under all the circumstances of the case. And where the question is one of fact to be ascertained by the jury, from weighing the evidence and the degree of probability, the court will not interpose for the purpose of granting a new trial unless it be in order to remedy some manifest error. * * * *In such a case it is not enough that it is not clear that the verdict·is right; but it must clearly appear that it is wrong to induce the court to set the verdict aside.'*" (Citing many cases.)

To the same effect is Phipps v. Evans, Tex. Civ.App., 262 S.W.2d 430, W/E Ref. NRE.

■ Plaintiff contends that defendant admitted to facts which made her negligent as a matter of law. We do not so view defendant's testimony. Before the testimonial declaration of a party will be given conclusive effect, it must appear, among other things, that the statement is deliberate, clear, and unequivocal. United States Fidelity & Guaranty Co. v. Carr, Tex.Civ. App., 242 S.W.2d 224, Er. Ref.; Dallas Railway & Terminal Co. v. Gossett, Tex., 294 S.W.2d 377. Defendant's testimony

and alleged admissions upon the basis of which plaintiff seeks to hold defendant negligent as a matter of law are not within the category of· *"positive unequivocal, deliberate and clear"*, as prescribed by the authorities cited.

 We have carefully reviewed the record before us and conclude that the jury was not outside the facts in answering the issues as they did; that plaintiff failed to meet his burden in clearly establishing the negligence of the defendant; and that certainly the verdict does not clearly appear to be wrong.

It follows that plaintiff's contentions are overruled and the judgment of the Trial Court is affirmed.