May HARRISON et al., Appellants,

v.

Raymond I. KING et al., Appellees.

No. 13018.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 24, 1956.

Rehearing Denied Nov. 21, 1956.

Park Street, Walter Powell Gray, Foster, Lewis, Langley & Goode, San Antonio, for appellants.

Remy, Burns & Schiller, San Antonio, Bill Prewett, Corpus Christi, R. E. Schneider, Jr., George West, Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellees.

POPE, Justice.

This is a personal injury suit. Two main points are presented by this appeal: (1) Did the trial court err in submitting some of plaintiffs' proximate cause issues conditioned upon an answer that lack of control by another person was the sole proximate cause? (2) Did the court err in failing to submit an unavoidable accident issue? We have considered appellants' other points but overrule them.

Raymond I. King on November 18, 1952, was driving an oil truck-trailer for Coastal Transport Company in a southerly direction along Highway No. 9. May Harrison, accompanied by her father, B. S. Harrison, was driving a Cadillac and followed the truck. She undertook to pass the truck-trailer and while doing so the two vehicles sideswiped and collided on a bridge. May Harrison and her father were joint venturers. There are several subrogation claims, but those rights follow the relations of the principals to the collision, and will not here be stated.

King filed suit against May Harrison only, and complained of personal injuries. May Harrison answered as to King and also cross-acted against Coastal Transport Company, King's principal. B. S. Harrison, a joint venturer with May Harrison, then intervened and sued Coastal Transport Company for personal injuries. He did not sue his joint venturer, May Harrison. Coastal, a defendant as to May Harrison and also as to B. S. Harrison, answered and then asserted an action against both May Harrison and B. S. Harrison. Coastal alleged that the various acts of negligence by May Harrison constituted the sole proximate cause of the accident. May Harrison then pleaded that the accident was unavoidable.

The trial court simplified the complex pleadings in this four-cornered suit by casting King and Coastal in the attitude of plaintiffs and cross-defendants; May Harrison, the driver, and B. S. Harrison, her passenger, were treated as defendants and cross-plaintiffs. The jury answered the issues in general as follows:

(1) May Harrison and B. S. Harrison were joint enterprisers. May Harrison's lack of control in driving the Cadillac was negligence, a proximate cause, and the sole proximate cause. (2) May Harrison was

also negligent in driving at an excessive rate of speed, in cutting back to her right before she cleared the truck-trailer, and in failing to reduce the speed of the Cadillac prior to the collision. Each of those acts of negligence was followed by a proximate cause issue, which was conditioned upon a negative finding to the earlier sole proximate cause issue under the negligent failure to have the Cadillac under control. This is the heart of the problem in this case. (3) The defendants' issues on whether plaintiff King was negligent in driving the truck-trailer were all answered against May and B. S. Harrison. No issues were favorable to them.

Upon these findings, the court gave judgment against May Harrison in favor of King for his personal injuries, and against May and B. S. Harrison in favor of Coastal for damages to its truck. Whether the trial court erred in submitting this case by conditioning some of plaintiffs' proximate cause issues upon the earlier sole cause issue is dependent upon the presence and nature of the objections. May Harrison objected because the submission constituted an undue emphasis upon the control issues and was a comment on the evidence. B. S. Harrison objected further because the condition "destroys the separate and independent submission of the various affirmative grounds of recovery and defense."

■ The objections were leveled at the plaintiffs' proximate cause issues, which were conditioned upon the earlier sole cause issues. The objections were not addressed to the sole cause issue. Whether the sole cause issue itself was correct or incorrect, and whether the burden of proof on that issue was right or wrong is not the point before us. We overrule the objections to the conditional submission of the plaintiffs' proximate cause issues. Rule 434 forbids reversals unless the error complained of amounted to such a denial of the rights of the appellants as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434 dispels the idea that a cause must be perfectly tried or reversed. There is a tendency to seek out the sole and only manner in which a cause may be submitted, and then insist that any other method is reversible. We have here a complicated, multipartied suit with complex relations. The trial court simplified the suit by aligning the parties, reducing the issues, and eliminating the traps for the jury. A trial judge often does the best he can with an imponderable situation. Perfection in submitting non-conflicting, unconditional, multi-partied issues leads us to the brink of some future case which will be impossible to submit except by a general charge. Rule 279, T.R.C.P. The precedents relied upon by appellants for reversal by reason of over-emphasis and comment, are cases which arose before the 1941 Rules. Rule 434, T.R.C.P., permits imperfections and grants a tolerance for errors, and we find nothing reversible in the charge.

■ We shall discuss further B. S. Harrison's objections that the condition destroyed his right to the separate and independent submission of the various affirmative grounds of recovery and defense. Harrison asserts that the jury might have affirmatively answered some one or more of the other plaintiffs' proximate cause issues which would have constituted a conflict with the earlier answer that May Harrison's lack of control was the sole cause. However, if there had been no conditions, and the jury had answered the other proximate cause issues affirmatively, the conflict would have been immaterial. May Harrison's failure to reduce speed, her driving at an excessive rate of speed, and her cutting back to her right before she cleared the truck-trailer, are shades and phases of the control issue, are included within it, and were immaterial issues. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951.

 Under the peculiar circumstances of this case, the conditional submission was not reversible error, even if the conditionally submitted issues were material. B. S. Harrison was entitled to the unconditional affirmative submission of his issues and theories. Montgomery v. Gay, Tex.Civ.App., 212 S.W.2d 941. He received that. None of his issues were conditioned upon answers to plaintiffs' issues and hence he suffered no prejudice. Because of this lack of prejudice, his argument that the plaintiffs may not conditionally submit some of their own issues upon another one of plaintiffs' issues, fails to show reversible error.

 The next question presented is whether the court erred in refusing to submit the issue of unavoidable accident requested by May Harrison. If the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident. Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790. May Harrison urges that when she started around the truck-trailer, her left wheel went off the highway into the wet shoulder, causing her to fish-tail into the truck-trailer on the bridge. The evidence, however, is that the shoulder was not slick or slippery, but was graveled and safe. The shoulder was "damp" at most, but that condition had existed all along the highway since May Harrison left San Antonio, several hours earlier. When she started to pass the truck-trailer she knew and understood the condition existed and either did or ought to have weighed that matter. The highway was wide enough for the two vehicles to operate safely unless one or the other was negligent. Moreover, May Harrison's theory and testimony was that after she went off the road, she straightened out her vehicle and went on for some distance when the vehicles collided. In our opinion, nothing but the negligence of one of the parties could have caused the accident. Good v. Born, Tex.Civ.App., 197 S.W.2d 589; Collins v. Smith, 142 Tex.

36, 175 S.W.2d 407; Nussbaum v. Anthony, Tex.Civ.App., 214 S.W.2d 686.

Appellants raise other points that the findings are against the overwhelming weight of the evidence, and also that the damage issue included elements which were supported by no evidence. We have examined the record and find those points without merit.

The judgment is affirmed.