**MILES–SIERRA COMPANY, Inc., et al., Appellants,**

v.

**David CASTILLO et al., Appellees.**

No. 14433.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 12, 1966.

Motion for Rehearing Overruled Feb. 16, 1966.

Grady Barrett, Matthews, Nowlin, Macfarlane & Barrett, Roy Barrera, San Antonio, for appellants.

Rudy Rice, M. C. Whitehead, San Antonio, for appellee.

BARROW, Justice.

Miles-Sierra Company, Inc., and two of its former employees, Ora L. Seaton and Charles L. Seaton, appeal from a judgment based on a jury verdict whereby David Castillo recovered from appellants, jointly and severally, damages in the sum of $82,825.73, for personal injuries sustained on August 21, 1961, when a dump truck operated by Castillo overturned. Texas Employers Insurance Association, workmen's compensation carrier for Castillo's employer, Crea Brothers, recovered judgment of $10,173.73 out of this sum for workmen's compensation benefits it had paid Castillo.

Miles-Sierra Company, Inc., was the general contractor under the United States Corps of Engineers to excavate and remove dirt and other materials from the San Pedro Creek Channel in San Antonio. Crea Brothers, as sub-contractor, furnished to Miles-Sierra a number of trucks with drivers, including Castillo, to remove the excavated material and haul it to a designated dumping ground. The Crea Brothers dump trucks were Ford single-axle trailers of 10–12 yard capacity, which were connected to the cab by means of a fifth wheel, and their loads were dumped by a hydraulic arm in the front center of the bed which lifted the front of the bed and caused material to slide out the rear. The trucks were loaded by a dragline operated by Ora L. Seaton, who was assisted by Charles L. Seaton as spotter. The loaded trucks would proceed to a dumping area consisting of several abandoned gravel pits a few miles from where the channel was being excavated. The usual procedure was to dump the dry material from the top of the gravel pit, while the mud or wet material was taken down to the floor of the pit and dumped. Miles-Sierra, through its employees, was in charge of both the loading and dumping operations.

About 2:00 a. m. on August 21, 1961, Castillo's trailer was loaded with mud or wet material and he proceeded to the dumping area. He testified that a spotter directed him to go down into the pit to dump. After another spotter signaled that he was in a proper position to dump, Castillo engaged the hydraulic arm by controls in the cab and commenced the dumping procedure. While the trailer was being elevated, the trailer and cab turned over on the right side and Castillo was injured.

The jury found that Ora L. Seaton negligently overloaded the trailer to the right front, and the spotter, Charles L. Seaton, failed to keep a proper lookout. The jury also found that an employee of Miles-Sierra was in the pit where Castillo dumped; that this employee negligently spotted Castillo's trailer with the left wheel higher than the right, and that this spotter failed to keep a proper lookout. Each of these acts of primary negligence was found to be a proximate cause of the accident. The jury found that Castillo failed to keep a proper lookout, but this failure was not a proximate cause. All other defensive issues were answered favorably to Castillo.

The crucial issue in dispute in the trial court was whether or not Miles-Sierra had a spotter in the pit directing the dumping operations at the time of the accident. Under the undisputed evidence, the wheels of the trailer must be on level ground in order to safely dump the load. An expert witness testified that an eight-inch difference during the dumping procedures could cause the load to overturn. Castillo testified that the pit was dark and that he was directed to the dumping location by the flashlight signals of the spotter. Miles-

Sierra introduced evidence that it had no spotter in the pit on the occasion in question and that the drivers were in complete charge of the dumping of their load. Castillo's testimony that a spotter directed the dumping procedure was corroborated by other witnesses, including Crea Brothers' foreman, and the jury resolved this conflict by finding that a spotter furnished by Miles-Sierra negligently spotted Castillo's trailer on unlevel ground.

■ Appellants seek a reversal of the judgment, and rendition that Castillo take nothing under the "volenti non fit injuria" or "no duty" doctrine. Appellants concede that Castillo was an invitee on this occasion, but urge that the risk or danger was known and appreciated by him.

The Supreme Court has recently considered these doctrines and it is now settled law that an invitee cannot recover if he knows of the condition, realizes and appreciates the danger, or is charged as a matter of law with such knowledge, realization and appreciation. Wesson v. Gillespie, 382 S.W.2d 921 (Tex.1964); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963):

■ Castillo admitted that he knew the trailer wheels must be on level ground when dumping. However, there is no evidence that Castillo knew his left wheel was higher than the right wheel, and he cannot be charged as a matter of law under this record with that knowledge. He testified that the pit was dark, and he denied seeing any mound of dirt prior to the accident. All drivers were instructed to remain in the cab during the loading and unloading procedures. An expert witness called by Castillo testified that by reason of the play in the fifth wheel, the left wheel of the trailer could be raised by as much as fourteen inches higher than the right wheel without being noticed in the cab. This testimony was corroborated by photographs. A bulldozer was furnished by Miles-Sierra to keep the dumped material level in the pit. Castillo denied that he could see under

the wheels by means of the rear view mirror and the rear lights of the cab. There was positive testimony from Castillo and other drivers that a spotter was present who directed the driver in backing to the exact spot where the load was to be dumped. We cannot say that this evidence shows as a matter of law that Castillo knew his left wheels were on a mound at the time he commenced the dumping procedure.

■ Appellants also seek a rendition by urging that Castillo's failure to keep a proper lookout was a proximate cause of the accident as a matter of law, and the trial court should have entered judgment for them non obstante veredicto. It is fundamental that ordinarily questions of proximate cause are fact issues for the jury. 40 Tex.Jur.2d, Negligence, § 165. We cannot say from the record in this case that reasonable minds could not differ as to whether Castillo's failure to keep a proper lookout was a proximate cause. He testified that he stopped his truck and commenced the dumping procedure pursuant to the directions of the spotter. There was expert testimony that when the center of gravity shifted to where the left wheel left the ground the driver was powerless to prevent his truck from overturning. The trial court properly submitted the issue of proximate cause to the jury and we are bound by their negative finding.

The appellants seek a remand of the case because of the erroneous admission of evidence, because of the trial court's failure to submit certain requested issues, and because of the erroneous overruling of their objections to the court's charge.

Appellants severally and Miles-Sierra separately complain of the admission, as original evidence against all three defendants, of written statements taken from defendants Ora L. and Charles L. Seaton nearly two years after the accident, by an attorney working for Castillo's leading counsel. Ora L. and Charles L. Seaton were each called as an adverse witness by Castillo and after identifying the statement

and his signature thereon, the statement was offered in evidence without any limitation. At the time Charles L.'s statement was offered, an objection was made on behalf of all defendants to the effect that the statement had been refuted when the deposition of Charles L. was taken, and was not admissible as original evidence. This objection was overruled, and after part of the statement had been read an additional objection was urged that it was hearsay as to Miles-Sierra. This objection was also overruled. Miles-Sierra's counsel subsequently objected that the witness had no authority to make a statement about the scope of his employment, and asked that the court instruct the jury not to consider the statement insofar as Miles-Sierra was concerned. All of these objections were urged when the statement of Ora L. Seaton was first offered.

■ Both statements were identified as being signed by the party giving same. A dispute was raised under the evidence as to whether either statement fairly reflected the facts as known by the Seatons or whether they reflected the views of the attorney taking same. This dispute was for the jury. Since both Seatons were parties to the suit, the statement of each was admissible as original evidence against the party giving same, since they constituted admissions. Isaacs v. Plains Transport Co., 367 S.W.2d 152 (Tex.1963); Taylor v. Owen, Tex.Civ.App., 290 S.W.2d 771, wr. ref. n. r. e.; McCormick & Ray, Texas Law of Evidence, § 1164.

■ Both statements were hearsay insofar as Miles-Sierra is concerned. Neither Seaton was in the employ of Miles-Sierra at the time of giving the statement, and the statements were obviously not res gestae and not made within the scope of employment. Although we do not believe that Miles-Sierra sought to limit the use of Charles L.'s statement as specifically and clearly as it should have, the objection it made called the hearsay nature of the statement to the attention of the trial court and opposing counsel.

■ We cannot say, however, from an examination of the entire record, that the erroneous admission of these statements was reasonably calculated to and probably did cause the rendition of an improper judgment against Miles-Sierra. This error was therefore harmless. Rule 434, Texas Rules of Civil Procedure; Duncan v. Smith, 393 S.W.2d 798 (Tex.1965); Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210 (Tex.1958).

Neither Charles L. nor Ora L. Seaton was present at the pit where the accident occurred and neither statement purported to give any information relative to the dumping procedure. Charles L. admitted that his father had loaded Castillo's truck prior to the accident and that it was overloaded when sent to the dumping area. He further admitted that the spotter was supposed to manually correct the load if it was overloaded. Ora L. said that the loads were not checked because they were behind on the job. He admitted that drivers were instructed not to leave the cab while loading and that full responsibility for correctly loading the trucks was upon the dragline operator and spotter.

It is seen that the statements relate only to improper loading of the truck and not to the dumping procedure. No information is given bearing upon the two findings of primary negligence proximately causing the accident which occurred at the pit. Neither Seaton purported to know anything on the crucial issue of whether Miles-Sierra furnished a spotter in the pit who directed Castillo. Both of the Seatons were present and represented by counsel at the trial. Both of their statements were, at least in part, refuted. The illogical nature of a party admitting fault in writing to the attorney for the adverse party was fully developed in argument by Seatons' attorneys. It is therefore our opinion, from an examination of the record, that the erroneous admission of these hearsay state-

ments as original evidence against Miles-Sierra was harmless error.

Appellants also complain of the trial court's permitting, over their timely objection, Castillo's attorney to cross-examine appellants' medical witness, Dr. Donop, by reference to medical reports sent to Dr. Donop by Dr. Day, a specialist to whom Dr. Donop had referred Castillo. This evidence was cumulative and is harmless error in any event, in that no complaint is urged by appellants that the judgment is excessive.

Appellants urge that if the record does not show as a matter of law that Castillo had voluntarily assumed the risk incident to the dumping procedure, in any event, disputed issues were raised under the evidence and the trial court erred in not submitting their requested issues to the jury.[1] The issues requested by appellants do not raise this defense in substantially correct form and therefore no error is shown in refusing to submit them. Rule 279, T.R.C.P. These requested issues would not establish that Castillo knew, realized and appreciated that his trailer wheels were not on level ground when he started the dumping procedure, or that the trailer was overloaded on the right front. The trial court did submit a question as to whether Castillo saw that his truck was on level ground before starting the dumping procedure and the jury answered that he did not see this condition. No issue was submitted or requested as to whether Cas-

tillo discovered the trailer was overloaded on the right front.

Complaint is also made of the trial court's refusal to submit an issue on unavoidable accident although appellants affirmatively pleaded this defense and timely requested its submission. The applicable rule is that if the evidence does not raise the issue that something other than the negligence of one of the parties to the event caused the accident, then it does not raise the issue of unavoidable accident. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (Tex.1952); Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790 (1941); Continental Oil Co. v. Lindley, Tex.Civ.App., 382 S.W.2d 296, wr. ref. n. r. e.; Harrison v. King, Tex.Civ. App., 296 S.W.2d 344, wr. ref. n. r. e.

Appellants assert that the issue is raised by the testimony of the witness Steele, who was the foreman for Crea Brothers on this job. He was called as a rebuttal witness for Castillo. On cross-examination he admitted there were several causes of a trailer overturning while dumping. In addition to the danger of dumping on unlevel ground, he testified that a broken spring or a flat tire could cause such an accident. There was no evidence that this trailer had either condition. Steele denied that the procedure of "popping the tailgate" could do so. (This procedure involves violent movement of the trailer to loosen stuck mud.) He was also interrogated on cross-examination concerning the driver's duty to watch the trailer bed

---

1. "*Question No. 22.* Do you find from a preponderance of the evidence that the Plaintiff, David Castillo, had full knowledge of the condition of the premises where his truck overturned?
   Answer 'Yes' or 'No.'
   "If you have answered the foregoing question 'Yes' but only if you have so answered the same, then answer the following question:
   "*Question No. 23.* Do you find from a preponderance of the evidence that on the occasion in question David Castillo

appreciated the extent of the danger, if any, in the trailer dumping procedure?
   Answer 'Yes' or 'No.'
   "If you have answered the foregoing question 'Yes,' but only if you have so answered the same, then answer the following question:
   "*Question No. 24.* Do you find from a preponderance of the evidence that David Castillo voluntarily exposed himself to such known and appreciated danger, if any you have found, as a result of an intelligent choice?
   Answer 'Yes' or 'No.' "

go up by looking through the rear window of the cab. On re-direct examination, after asking Steele several questions concerning "popping the tailgate" and the spotter's direction of the truck drivers, Castillo's counsel asked: "You also was asked about watching the bed of your truck go up. At night is it difficult to see well by looking out or looking in your mirrors in a darkened area and see the situation of your truck or not?" Steele answered: "It would be, but maybe you'll raise your truck halfway up or two-thirds of the way up and maybe this side will all come out and then your truck flops because this side over here sticks and then this side just comes out. Just what kind of dirt they put in you."

This answer was not pursued further by either counsel, but appellants urge that this testimony raises the issue of unavoidable accident. There was other testimony that the wet mud was sticky and that a machine was maintained at the pit to clean out the trailer beds when mud stuck in them. This bed was cleaned out after the accident although there is no evidence as to how much mud was in it or where it was located. There was no evidence that Castillo "popped the tailgate."

It is our opinion that this testimony amounts to no more than a scintilla that the accident was caused by something other than the negligence of a party to the event. No original evidence was offered which would support such a theory and the ambiguous and unresponsive answer of Steele was not clarified. The trial court did not err in refusing to submit the issue of unavoidable accident.

■ Error is not shown in the trial court's refusal to submit requested issues inquiring as to whether Crea Brothers instructed Castillo not to dump when the truck was on unlevel ground and whether Cas-

tillo's failure to heed same was a proximate cause. Castillo, although denying such an instruction, admitted that he knew it was dangerous to dump on unlevel ground. The crucial issue which was submitted to the jury was whether Castillo knew the trailer was on unlevel ground, and the jury resolved this dispute in his favor. Further, the jury found that Crea Brothers did not fail to adequately warn and instruct Castillo as to the safe operation and handling of the truck and trailer. The requested issues were merely shades of the submitted issues, and no error is seen in the trial court's refusal to submit them.

■ The trial court did not err in refusing to give appellants' requested definition of "overloaded the load to the right front" in connection with the issue of primary negligence. These are words of common usage and when considered with the evidence they properly submitted this act of negligence on the part of Ora L. Seaton. Further, there is evidence to support the jury's finding that this negligent act was a proximate cause of the accident. There was evidence that a trailer which is overloaded on one side can turn over during the dumping procedure. In addition to the statement of Charles L. Seaton that the trailer was overloaded, two other witnesses testified that Castillo's trailer was overloaded on the right front just prior to the accident. The trial court properly submitted these issues to the jury and there is evidence to support the finding that the truck was negligently overloaded on the right front by Ora L. Seaton and this negligence was a proximate cause of the accident.

We have considered all of appellants' points of error and find no reversible error in any of these assignments. The judgment of the trial court is therefore in all things affirmed.