James A. TAYLOR et al., Appellants,

v.

Hugh E. GRAGG, Appellee.

No. 14995.

Court of Civil Appeals of Texas.

Houston.

March 9, 1967.

Rehearing Denied March 30, 1967.

---

1. As in the case, e. g., of the familiar, uncouth and emphatic "Oklahoma guarantee."

**938**

John H. Holloway, Houston, for appellants.

Thomas Bousquet, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellants, James A. Taylor and wife, to recover damages for personal injuries sustained by them as the result of an automobile collision. Appellants' vehicle was stopped in the north bound curb lane on Almeda Street, a four-lane street, near its intersection with Southmore in the City of Houston, when it was struck by appellee's automobile which was traveling in a northerly direction on the inside north bound lane of Almeda.

Judgment was entered for the appellee on the jury verdict which found (1) that appellee did not fail to make a proper application of his brakes, (3) appellee did not fail to keep a proper lookout, (5) appellee was not operating his vehicle at a greater speed than would have a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances,

and (7) the collision was an unavoidable accident. Issues 2, 4 and 6 were proximate cause issues which were predicated upon the aforesaid issues and therefore were not answered.

Appellants assert that the court erred in refusing to disregard the findings of the jury to Special Issues Nos. 1, 3, 5 and 7 because (a) there was no evidence of probative force to support such findings, (b) there was insufficient evidence of probative force to support the findings, (c) the findings were contrary to the evidence and judicial admissions of the defendant, and were so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Appellants also complain that the amount of the damages found by the jury for each of the appellants was so grossly inadequate as to indicate that the jury was activated by passion or prejudice, and that the court erred in denying a new trial because of such findings.

Appellant, James Taylor, testified that he was driving a 1956 Ford in which his wife was a passenger; that the collision occurred about 10 a.m. on April 3, 1964; it had been "misting rain" and the streets were damp, but at the time of the collision there was not sufficient mist to require use of his windshield wipers or headlights; that he had come to a complete stop in the curb lane of Almeda in obedience to a red light which was red before he got to the intersection; that he came to a normal stop and was no less than 20 feet back from the intersection of Almeda and Southmore; that he had been stopped for about 2½ minutes waiting for the light to change; and that the force of the collision knocked his car at least three or four feet.

On cross-examination he testified that appellee moved his car across the street after the accident; that appellee was going about 30 miles per hour when he hit him; that he didn't see appellee before the accident, and that when he knew anything appellee was sliding his car sideways; that there were no cars in the lane to his left

and none stopped ahead of him, and that the light was still red at the time of the accident.

Appellee, the only other witness, testified in substance that the collision occurred about 10 a. m., and it was misting sufficiently to require him to have his windshield wipers on intermittently; that he was traveling in the inside lane of the two-lane north bound traffic and there were no vehicles in front of him; that back up the block a way he was probably going 20 miles per hour; that his brakes were in good condition; that he had slowed down as he approached the intersection and imagined that he was going about five miles an hour when he hit appellants' car; that he was driving a 1961 Corvair convertible and the steering and mechanical parts responded normally; that when he was within the 5200 block of Almeda he saw appellants' car stopped or moving very slowly in the curb lane; that his recollection was that the light had been red but as he approached the intersection it turned green; that he was proceeding to cross the intersection and for such reason didn't know how long appellants' car had been stopped at the red light; that appellant was either stopped or moving ahead very slowly at the time of the accident which he thought occurred about 60 feet from the intersection; and that he believed there were some cars in front of appellants' car that had stopped for the red light.

Appellee further testified in substance that when his car was about alongside of appellants' car, or the front of his car was probably a little bit behind appellants' car, as he approached the intersection, appellant either looked or turned and gave some indication which caused him to think appellant would pull over into his lane; that he honked his horn and applied his brakes, and that when he did the right rear of his car slid about three feet sideways and bumped the left rear of appellants' car; that he thought the slick street was primarily the reason his car skidded to the right, and also that in his opinion the street was higher in the center than in the curb lane, so that when he started sliding he went from the

high part of the street to the low which was to his right; that he did not believe his car stopped and that he proceeded on through the intersection after the impact and then stopped and came back; that he found no evidence of damage to appellants' car but did identify a certain place on the left rear fender thereof as being the point of contact because "maybe some paint was off my car at that point." He didn't notice any damage to the bumper and didn't think his car struck appellants' rear bumper in any manner. He characterized the impact between the cars as being very light or very slight.

We have read the statement of facts and examined the exhibits and have concluded that the jury's findings, hereinabove set out, exonerating appellee of negligence are supported by ample evidence of probative force, and that we cannot say that such findings are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Appellants contend that the court should not have submitted an issue on unavoidable accident. The present case is distinguishable from the rear-end collision cases relied upon by appellants, such as Meinen v. Mercer, Tex.Civ.App., 390 S.W.2d 36, writ ref., n. r. e. In this case appellee was not following appellants' car and was not even in the lane in which appellants' car was stopped or moving slowly. The evidence shows that appellee was driving in the inside north bound lane of Almeda and but for the unfortunate accident would have passed such car to its left with ample space between the two automobiles. Appellee had slowed down as he approached the intersection because of the red light. There is no evidence that he slowed down suddenly or that he did not keep a proper lookout or that he did not properly apply his brakes, or that his car skidded or slid at any time before the front of his car was in line with or shortly to the rear of appellants' car. In answer to the issues of primary negligence the jury found appellee was not negligent in any particular.

Viewing the evidence most favorably to appellee and indulging every legitimate inference raised by the evidence in his favor, it is our view that there was evidence which justified the jury in finding that there was an unexpected happening of an event which occurred without negligence of either party. The unexpected movement of appellant, indicating to appellee that he was going to move into appellee's lane, caused appellee to apply his brakes suddenly. Appellee testified that he may also have turned his steering wheel at the time. He honked his horn, which was an idle gesture unless there was something to make him think a sudden and unexpected danger had arisen. There were no other motor vehicles involved.

■ Appellee testified that the misting rain, slick pavement and the difference in the level of the lanes, caused the rear of his car to slide to the right and contact appellants' car on its left at the rear. There is no evidence that such conditions were uniform and static at all points. In view of the facts and circumstances as testified to by appellee, including the apparent misleading movement of appellant, we have concluded that there was evidence which warranted the submission of the unavoidable accident issue, and the finding of the jury that the accident was unavoidable and not the result of negligence of either party.

In Texas & P. Ry. Co. v. Edwards, Tex. Com.App.1931, 36 S.W.2d 477, the court said that, "If neither party was negligent, and the collision occurred without fault to either party, then the accident would in law be classed as unavoidable." In that case the evidence showed that the cause of the accident was a sand storm which obscured the view of the railroad crossing and those in charge of the train could not see plaintiff's cattle. In Hankamer v. Roberts Undertaking Co., Tex.Civ.App., 139 S.W.2d 865, dism., judg.cor., the court said that the issue of unavoidable accident was raised by the evidence on two theories of the law. The Supreme Court, in a per curiam opinion in such case, 135 Tex. 139, 141 S.W.2d 587,

agreed with the Court of Civil Appeals that the issue of unavoidable accident was raised by the evidence in the case for the second reason assigned by the Court of Civil Appeals. The second theory was that the sudden rain, the fact that appellant's car was stalled, the elevation of the concrete above the shoulder of the road, the sudden gripping of the concrete by the rear wheel of appellant's car, his loss of control of his car, and the fact that without negligence on his part, his car "jumped" ahead of the ambulance (all issues raised by the evidence) raised the issue that the accident resulted proximately from facts and circumstances independent of any negligence on the part of either party. So, in the instant case the facts and circumstances hereinabove set out were such as to raise the issue that the accident resulted independently of any negligence on the part of either party.

In Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, the court held that there was sufficient evidence to raise the issue of unavoidable accident. In that case the bus in which plaintiff was riding turned over. The evidence showed that on such occasion it was raining, the road was narrow and the shoulders thereof soft; that cars were approaching from the opposite direction with blinding lights; that because of such conditions the bus driver pulled over on the side of the road and almost stopped, and that the ground under the right front wheel gave way and caused the bus to slip and roll into the ditch. In Orange & N. W. R. Co. v. Harris, Tex.Sup.1936, 89 S.W.2d 973, the Supreme Court said that the issue of unavoidable accident is raised when there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties. It is our view that in the instant case there was sufficient evidence from which the jury could find that the accident occurred from some cause other than the negligence of either party. See also Blasberg v. Cockerell, 254 S.W.2d 1012, Tex.Civ.App.1952, n. w. h.; Leatherwood Drilling Co. v. T. X. L. Oil Corporation, 379 S.W.2d 693, Tex.Civ.App.1964,

ref., n. r. e.; Vergauwen v. Parsons, 294 S.W.2d 863, Tex.Civ.App.1956, n. w. h.; Dallas Railway & Terminal Co. v. Bailey, 1952, 151 Tex. 359, 250 S.W.2d 379.

We overrule appellants' complaint that the damage findings were so grossly inadequate as to indicate, as a matter of law, that the jury was activated by passion or prejudice.

Judgment affirmed.