**FOREMOST DAIRIES, INC., Appellant,**

v.

**Raymond A. McCLUNG, Appellee.**

**No. 16966.**

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1967.

Rehearing Denied Nov. 17, 1967.

John W. Copeland and Timothy E. Kelley, of Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

Charles D. Mayes and Ben Warder, Jr., of Carter, Gallagher, Jones & Magee, Robt. A. Wooldridge, of Burford, Ryburn & Ford, Dallas, for appellee.

BATEMAN, Justice.

The appellee Raymond A. McClung recovered a judgment on a jury verdict against the appellant Foremost Dairies, Inc. for personal injuries received when his left leg was struck by a milk dolly operated by David Poovey, an employee of appellant. Poovey and appellee were engaged in delivering milk and other dairy products for their respective employers to various retail establishments. The judgment was based on a jury finding of failure on the part of Poovey to keep a proper lookout, which was a proximate cause of the collision.

In its first two points of error on appeal the appellant complains of the refusal of the court to submit to the jury a special issue on unavoidable accident. If the issue was raised by the evidence, appellant was entitled to have it submitted and this right cannot be lost or defeated by findings of negligence and proximate cause in response to other issues. In other words, even though such latter findings indirectly negative a finding of unavoidable accident, nevertheless the appellant was entitled to its submission if raised by the evidence. Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368 (1948); Humble Pipe Line Co. v. Kincaid, 19 S.W.2d 144, 148 (Tex.Civ.App., San Antonio 1929, writ ref'd); Kuykendall v. Doose, 260 S.W.2d 435 (Tex.Civ.App., Amarillo 1953, writ ref'd n. r. e.). The right of a party to have unavoidable accident submitted "must not be determined from the viewpoint of conditions as they appear after the verdict is returned, but from the viewpoint of what the jury might have found if the issue had been submitted to them." Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S.W.2d 633 (1935); Haynes v. Martinez, 260 S.W.2d 369 (Tex.Civ.App., Amarillo 1953, writ ref'd n. r. e.). It is therefore necessary to examine the evidence to determine whether the issue was raised.

Early on the day in question appellee and Poovey were delivering their employers' products to a large supermarket. They used two-wheel freight dollies upon which were stacked four or five cases of milk Each would leave a supply of his products displayed in the dairy case in the sales area of the supermarket and transport the remainder on the dollies into a storeroom located in the rear portion of the store, which was separated from the sales area by a pair of swinging doors. Appellee entered this storeroom by opening the swinging door on the left side, and testified that this door was still open when Poovey entered the storeroom with his dolly and the several crates of milk loaded thereon. Poovey testified that, according to his recollection, both swinging doors were closed and that he entered the storeroom by pushing the dolly through the doors, and that, the doors being closed, he did not see appellee behind them until it was too late to avoid the collision. There were no other witnesses to the occurrence. The only substantial dispute in the testimony of appellee and Poovey is as to whether the left hand swinging door was open when Poovey entered the storeroom with his dolly and struck appellee, or whether both doors were closed. There is no evidence that Poovey saw appellee inside the storeroom in sufficient time to avoid the collision, but there was evidence that he did not see

him because the closed swinging doors obstructed his vision.

In our opinion this evidence was sufficient to raise the issue of unavoidable accident. Where the evidence presents a theory under which the accident might have been found to have happened from causes different from the alleged negligence of the parties the issue of unavoidable accident is presented. Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973 (1936); Texas & P. Ry. Co. v. Edwards, 36 S.W.2d 477 (Tex.Com.App. 1931, holdings approved). In Vergauwen v. Parsons, 294 S.W.2d 863 (Tex.Civ.App., Waco 1956, no writ), it was held that where the evidence showed the existence of an obstacle, in that case a row of trees or hedges, that might obstruct the view of motorists approaching an intersection, the issue of unavoidable accident was raised. It was also held in that case that in examining the facts to determine whether unavoidable accident is involved the evidence must be construed in a light most favorable to submission of the issue. Kuykendall v. Doose, supra, is to the same effect.

Appellee argues that unavoidable accident is not present in any case where the accident complained of could have been prevented by either party by the use of means suggested by common prudence, citing Dallas Ry. & Terminal Co. v. Darden, 38 S.W.2d 777, 779 (Tex.Com.App. 1931, jdgmt. adopted); but in that case the court said:

"It is impossible to announce a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented. In order to determine whether such issue is involved, the facts of each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law."

Application of that test disclosed that the issue was not raised by the evidence of that case, but by applying the same test in the case before us we conclude that the issue was raised.

Therefore, we sustain appellant's first two points of error.

Appellant's other points of error relate to procedural matters which probably will not occur on another trial, and we see no necessity for us to pass on them now.

The judgment appealed from is reversed and remanded for another trial.

Reversed and remanded.

## ON MOTION FOR REHEARING

Rehearing denied.

## DISSENTING OPINION

DIXON, Chief Justice.

I respectfully dissent. In our original opinion the only reason given for reversing the trial court's judgment is the alleged error of the court in refusing to submit an issue on unavoidable accident. I am of the opinion that there is no evidence of unavoidable accident in this case.

On the occasion of the accident there were three milk route salesmen engaged in delivering milk to Minyard's Super-Market. Poovey knew that all three of them were on the premises. They were acquainted with each other. They follow the same general procedure in effecting their milk deliveries. Four or five cases are loaded onto a two-wheeled dolly at the bottom of which is a metal flange. In the center of the top of the dolly is one handle for use in propelling and manipulating the dolly. The dolly is loaded while standing in an upright position. After being loaded it is pulled back slightly until in a balanced position, then pushed forward on its two wheels.

In Minyard's Super-Market there is a storeroom in the rear separated from the main store by two swinging doors which come together in the center of the doorway. Each of these doors opens both ways—to the front and to the rear. In the upper part of each door, as shown by pictures in evidence, are two windows. A swinging door, when fully opened, will catch to a lock strong enough to hold the door open until it is pulled away from the catch.

On the occasion in question Poovey, the employee of Foremost, with his dolly stacked five cases high, was on his way to the storeroom. He testified that he was in a hurry, as he usually was. Poovey three times testified that to the best of his recollection both doors were closed, though of this he was not quite certain. Possibly one of the doors had been opened by McClung who had preceded Poovey into the storeroom. McClung testified he had opened one door when he entered the storeroom. In any event Poovey did not stop, or slow down as he reached the swinging doors with his dolly, nor is there any evidence that he looked through either of the windows located in the top half of the doors. To open these doors he generally would "go through the middle, hit them both" with his dolly and would thus "just bump right through the middle", "busting them open." He testified that he was not going fast, but it is undisputed that after bursting through the doors he could not, or at least did not stop his dolly in time to avoid striking McClung, who was about four feet inside the storeroom. Poovey further testified that he could see over the top of the five cases of milk stacked on his dolly.

In Dallas Ry. & Term. Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952), overruling previous holdings, our Supreme Court stated, "Unavoidable accident should be defined as an event not proximately caused by the negligence of any party to it."

The Supreme Court further stated:

"If it is the position of a defendant in any case that he is entitled to be absolved of liability because the event was caused by the negligence of a co-defendant or of a party to the event who is not a party to the suit, he may, and usually does, protect himself through pleadings, proof and findings that the negligence of such person was the sole proximate cause of the event."

In commenting on the effect of the above holdings by our Supreme Court Professor Hodges, in his book "Hodges on Special Issue Submission in Texas," at pages 50–58 says in substance that (1) unavoidable accident is to be used only to submit the theory that physical, non-human circumstances, and not the negligence of human beings, were the cause of the injuries; (2) sole proximate cause is to be used to determine if the conduct of some person other than the particular defendant inquired about was the sole proximate cause of the injuries; (3) evidence that some specific physical condition or situation was the cause of the event claimed by plaintiff to have resulted in his injuries is necessary to justify the submission of an issue on unavoidable accident; (4) under some circumstances the issue should be submitted when the evidence, while not presenting a specific cause of the event in question other than the conduct of a person or persons, does tend to establish a situation in which some other unspecified cause might have existed, but then the test should be in terms of the *probability* of the existence of such other cause; (5) but such type of submission should not be extended to a case in which the *possibility* of the existence of some other cause is merely speculative.

Recent decisions seem to support the above viewpoint. In Taylor v. Gragg, 412 S.W.2d 937 (Tex.Civ.App., Houston 1967) submission of unavoidable accident was held to be proper because of evidence of a slick street and because the center of the street was higher than the curb line. In Shaw v. Null, 397 S.W.2d 523 (Tex.

Civ.App., Fort Worth 1965, writ ref'd n.r.e.) submission of issue was held to be proper because a three-year-old child was in the path of a car—the child, because of tender age, was not such a person as could be charged with negligence; in Leatherwood Drilling Co. v. TXL Oil Corp., 379 S.W.2d 693, 698 (TexCiv.App., Dallas 1964, writ ref'd n.r.e.) the circumstances were that the pressure in an oil well built up to bursting point, though valves and casing were open; also the packing in the "Christmas tree" was defective—all without negligence on the part of anybody connected with resulting fire.

In Hernandez v. Heldenfels, 374 S.W.2d 196, 201 (Tex.Sup.1964) it was urged that an issue of unavoidable accident should have been submitted because there was evidence from which a jury could infer that the plaintiff's injuries resulted from the noise of machinery and overhead fans. But the Supreme Court rejected the contention · because defendants were familiar with the noisy condition of the plant. In this case Poovey was fully familiar with the conditions existing on the premises, including the swinging doors. See also Harrison v. King, 296 S.W.2d 344, 347 (Tex.Civ.App., San Antonio 1956, writ ref'd n.r.e.).

In other cases it has been held that there was no evidence of physical facts or circumstances which required the submission of an issue on unavoidable accident. Among them are Miles-Sierra Co. v. Castillo, 398 S.W.2d 948, 953 (Tex.Civ.App., San Antonio 1966, writ ref'd n.r.e.); Meinen v. Mercer, 390 S.W.2d 36, 40 (Tex.Civ.App., Corpus Christi 1965, writ ref'd n.r.e.); Continental Oil Co. v. Lindley, 382 S.W.2d 296, 304 (Tex.Civ.App., Houston 1964, writ ref'd n.r.e.). In the Meinen case, above cited, it was held that the defendant was guilty of negligence as a matter of law, therefore it was not necessary to submit unavoidable accident, though there was evidence of a slick street.

In our main opinion we cited Vergauwen v. Parsons, 294 S.W.2d 863 (Tex.Civ.App., Waco 1956, no writ) where there was evidence that a row of trees or hedges might obstruct the view of motorists approaching an intersection. Since the case has no writ history we cannot know whether our Supreme Court would have approved or disapproved the holding or the decision in the case. But in any event the Vergauwen case may easily be distinguished from the case now before us.

In *Vergauwen* the motorist had no control over the trees or hedge which might have obscured her view. She was helpless to abolish or change them so that they might not obscure her view. In the instant case the opposite is true. Poovey could have controlled the swinging doors so that they ceased to be an obstruction to his view. But he did not do so. He neither stopped nor slowed down before "bumping" the doors or door open with his loaded dolly. He did not push either or both doors open with his hand, either part way or until one or both doors caught on the lock or catch, or otherwise attempt to see that the way was clear; nor is there any evidence that he tried to look through the windows in the top half of each door. He was in such a hurry that he preferred to "bump" his way through the doors rather than to take the trouble to open them gently, or otherwise to remove the obstruction to his view.

The other two cases cited in this connection in our main opinion are Orange & N. W. R. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973 (1936) and Texas & P. Ry. Co. v. Edwards, 36 S.W.2d 477 (Tex.Com.App.1931, holdings approved)—both decided prior to the pronouncements in the Bailey case. However, in both instances there were physical facts present which could not be controlled by the defendants and which therefore justified the submission of an issue on unavoidable accident. In the Orange and N. W. R. case it had been raining and the night was dark and cloudy. Moreover, there was a low-hanging arc light which the defendant testified blinded

him. In the Texas & P. Ry. case cattle were not visible to the trainmen because of dust and sand on account of a severe sandstorm which was blowing at the time of the accident.

I would sustain appellee's motion for rehearing and affirm the judgment of the trial court.