United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 04-20799

---

TERREL J. FONTENOT,

Plaintiff - Appellant,

versus

FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendant - Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
4:03-CV-553

---

Before GARWOOD, SMITH, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:*

Terrel Fontenot sued FedEx Ground Package System, Inc. ("FedEx"), for whom he worked

as an independent contractor, seeking damages for injuries allegedly sustained as a consequence of

the negligence of FedEx employees. The district court granted FedEx's motion for summary

judgment. For the reasons that follow, we reverse.

## I. FACTS AND PROCEEDINGS

Fontenot was an independent contractor providing package pickup and delivery services for

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

FedEx. He owned his own trucks that he used to perform his two FedEx routes, and had two employees to assist him in performing his obligations. Fontenot would park his truck overnight at the FedEx terminal facility; FedEx employees would then load the packages to be delivered. Neither Fontenot nor his employees were present on the premises while the packages were loaded.

Fontenot claims that when he arrived at the FedEx facility one morning, he discovered several packages weighing in excess of one hundred pounds loaded on "high shelves" in his truck. Loading these heavy packages on the shelves of his truck rather than on the floor, Fontenot asserts, contravened ordinary prudence and FedEx workplace rules, which require packages weighing more than one hundred pounds to be loaded onto the floor of the truck.

Though Fontenot was accompanied by one of his employees, he claims that his employee was unable to assist him in moving the boxes down onto the floor because of a previous injury. So, Fontenot alleges, he approached a FedEx manager, explained that FedEx employees had loaded heavy packages on high shelves in his truck, and requested that FedEx employees assist in moving the boxes onto the floor, at which point he was allegedly told that no loaders were available to assist him. Fontenot claims that he subsequently asked the same FedEx manager for assistance a second time and was supposedly told to take care of the problem himself, otherwise FedEx would see to it that his contract was "sent up for termination." At this point, according to Fontenot,

> I felt I had no other choice but to try and move the boxes myself. Unfortunately, when I was lowering one of the boxes to the floor, I felt an "explosion" in my back which rendered me on the floor unable to walk.

Fontenot sued FedEx for negligence in Texas state court; FedEx removed the cause to federal court, invoking diversity jurisdiction. FedEx then moved for summary judgment on the grounds that it (1) did not owe any duty to Fontenot; (2) did not breach any duty owed to Fontenot; and (3) that

2

its conduct was not a proximate cause of Fontenot's injuries. Fontenot responded by filing a declaration and two pages of FedEx workplace policies. The district court granted summary judgment, concluding that FedEx owed no duty to Fontenot, because he was an independent contractor injured while performing duties over which FedEx retained no control, contractual or otherwise.

## II. STANDARD OF REVIEW

We review a summary judgment *de novo* and are bound by the same standard as is the district court. *See Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004). Namely, summary judgment is proper where, viewing the facts in the light most favorable to the nonmovant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(c).

## III. DISCUSSION

The gravamen of Fontenot's argument on appeal is that the district court made a conceptual error: It viewed his claim as asserting a premises liability cause of action, when, in fact, Fontenot asserts a pure negligence cause of action against FedEx.

We agree with Fontenot that this is not a "premises defect" case of the kind dealt with in cases such as *Williams v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997), and *Keetch v. Kroger*, 845 S.W.2d 262 (Tex. 1992). That kind of case addresses the liability of a party who owns or has the right to control premises at the time of an injury thereon to an invitee then present on, but not in control of, those premises. The typical case is that of a customer slipping on a spill in a grocery store, such as *Keetch*. Here, when Fontenot was injured, *he* owned and controlled the truck, the purported premises. Moreover, it is certainly not established as a matter of law that that was not also essentially the case

3

when the truck was loaded at some unspecified earlier time that morning or the evening before. Fontenot also owned the truck then, and although FedEx clearly had his permission to load the truck and enter it for that purpose, that does not mean Fontenot surrendered full control of the truck to FedEx. For example, he presumably could be liable to a FedEx employee who, when loading, slipped on a slick oily area on the back floor of the truck which Fontenot had negligently allowed to remain there.

Texas law would not deny Fontenot recovery against FedEx for negligence in loading the heavier than 100 pound boxes on the high shelves of Fontenot's truck, and in refusing to make any attempt to reposition the boxes after Fontenot requested assistance, simply because Fontenot's injury did not occur concurrently with or immediately after the placement of the boxes on the shelves. *Cf. Miles-Sierra Co. v. Castillo*, 398 S.W.2d 948, 950, 954 (Tex. Civ. App.–San Antonio, 1966, n.r.e.) (general contractor liable for overloading one side of subcontractor's truck, causing it to tip over when it arrived at its ultimate destination, injuring driver, employee of subcontractor). A rule precluding such recovery would suggest that FedEx would not be liable if, for example, a box had been loaded in an improperly unsecure manner, and fell off of the shelf after the driver left the terminal, injuring his employee.

Citing *Keetch*, 845 S.W.2d at 264, FedEx argues that Fontenot cannot recover because he was not injured "by or as a contemporaneous result" of FedEx's placing the heavy boxes on the high shelves. This argument is inapposite because Fontenot asserts not a premises liability claim but a pure negligence claim.[2]

_____

[2] We note the distinction between two broad categories of causes of action: pure negligence and premises liability. Within the premises liability cause of action, there are two theories of recovery: premises defect and negligent activity. Contemporaneousness is an element

4

The present state of the record does not justify the conclusion that Fontenot was, as a matter of law, more than 50% at fault, TEX. CIV. PRAC. & REM. CODE § 33.001, or that, as a matter of law, FedEx's fault was not a proximate cause of Fontenot's injury. In Texas law, assumption of risk has been relegated to comparative negligence. *Farley v. MM Cattle Co.*, 529 S.W.2d 751, 758, 760 (Tex. 1975). To the extent that any non-contractual assumption of risk survives in Texas law, it presumably would at least present a fact issue here under RES. TORTS 2ND § 496 E, comment C, illustration 6, such that FedEx is not entitled to summary judgment.

## IV. CONCLUSION

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.

<span style="color:red">ENDRECORD</span>

---

of the negligent activity theory of premises liability, *see Keetch*, 845 S.W.2d at 264, and thus has no bearing on Fontenot's pure negligence claim.

5

JERRY E. SMITH, Circuit Judge, dissenting:

I respectfully dissent and would affirm on the ground that this is a case of premises defect. The majority takes the position that this is a negligence case, not a premises defect case, because "Fontenot owned and controlled the truck, the purported premises." But the idea that Fontenot's mere ownership of the truck is for all purposes controlling does not withstand scrutiny.

Consider, for example, a claim by an independent contractor that an employee of the general contractor negligently left a sharp object in the independent contractor's toolbox while working on the general's premises, so that when the independent contractor reached in his box, he was injured. If the independent contractor sued the general, would the claim not be for a defect on the premises or a negligent activity within the two-theory premises liability framework? Presumably, according to the panel majority, this would be a pure negligence claim because the independent contractor owns his toolbox.

Surely this cannot be right. Indeed, this theory would allow claimants easily to escape Texas's carefully crafted common-law limitations on a general contractor's/premises owner's liability to business invitees by narrowing the focus of their claim to the most minute factual basis—*i.e.*, "a sharp object was left in my toolbox," rather than the more natural view that the independent contractor

6

was injured while working on the general's premises as a result of either a negligent activity or a defect.

So, it cannot be mere ownership of the truck that is dispositive. But to the extent the majority reasons that this case is outside the premises liability framework because a truck cannot be a premises, this too is questionable. First, if the truck is not a distinct premise, then Fontenot must have been on FedEx premises. After all, he was either on FedEx premises or he was not. To hold otherwise is to create some metaphysical space that is neither his premises nor FedEx's.

There is Texas authority holding that a vehicle can be a premises. In *Gibbs v. Shuttleking*, 162 S.W.3d 603 (Tex. App.§§El Paso 2005, pet. filed), for example, the court considered a negligence claim by a bus driver against his employer, the owner of the bus, for injuries sustained when hijackers boarded the bus and shot him. Specifically, the court considered whether the claim was outside the premises liability rubric because, as the plaintiff maintained, a bus is not a fixed piece of property and thus cannot qualify as a premises. The court rejected this argument. Though a bus is not real property, the court reasoned that it is nevertheless "a work-place§§a definite area and locality" and thus is "sufficiently similar to a 'premises' to fall under the purview of" the premises liability framework. *Id.* at 613.

The critical question, then, is one of control: Who was in

7

rightful control of the premises at the time of the allegedly negligent activity?  It is undisputed that FedEx was rightfully in control.  And it is the failure to grasp the critical nature of the control concept that animates the majority's hypothetical concerning the presumed liability Fontenot could have to a FedEx employee who slipped on an oily area Fontenot negligently left in his truck. This conjured fact situation should pose no difficulty for us in deciding this case, however, because the hypothetical leaving of oil in the back of the truck—is an activity that would have occurred *while Fontenot was in control* of the premises; by contrast, here the activity alleged to be negligentSSthe loading of the boxesSSoccurred *while FedEx was in control* of the truck.

I appreciate the majority's diligent efforts to sort through the possible theories of liability, but I respectfully conclude that it has chosen the wrong one, so I respectfully dissent.